EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM 1327)
Shari A. Alexander (SA 0615)
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH DI GIOVANNA,

Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,

Defendants.
-----------------------------------------------------------X



JUDGE KAPLAN

08 Civ. CV 02750

**NOTICE OF REMOVAL**

RECEIVED
MAR 1 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

Beth Israel Medical Center ("BIMC") and Continuum Health Partners, Inc.

("Continuum"), Defendants in the action described below, respectfully remove this action from

the Supreme Court of the State of New York, New York County, and show as follows:

1.       On or about December 10, 2007, Plaintiff Joseph Di Giovanna

("Plaintiff") filed a Summons and Complaint with the Supreme Court of the State of New York,

County of New York, entitled Joseph Di Giovanna v. Beth Israel Medical Center, and

Continuum Health Partners, Inc., Index No. 07116457/07, (the "State Court Action"), alleging

that BIMC and Continuum violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C.

§2601 *et. seq.*  A copy of the Summons and Complaint is attached hereto as Exhibit 1.

2.       Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because

it is filed within thirty (30) days of BIMC's and Continuum's receipt of the Summons and

Complaint, on February 19, 2008, by facsimile from Plaintiff's counsel. Although Plaintiff claims to have served the Complaint on BIMC and Continuum on January 10, 2008, the purported service of the Complaint on BIMC and Continuum was improper because the Complaint was not served on BIMC's agent designated to accept service of process or on Continuum's agent designated to accept service of process.

3.    On March 5, 2008, Plaintiff served a Motion for a Default Judgment in the Supreme Court of the State of New York, County of New York. On March 7, 2008, Plaintiff served an Amended Motion for a Default Judgment in the Supreme Court of the State of New York, County of New York. A copy of the Notice of Motion and Affirmation in Support of Motion are attached hereto as Exhibit 2 and a copy of the Amended Notice of Motion and Affirmation in Support of Motion are attached hereto as Exhibit 3. No other process, pleadings or orders have been served on BIMC or Continuum.

4.    Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, BIMC must serve any answering papers to Plaintiff's Complaint on or before March 21, 2008, five days after this Notice of Removal is filed.

5.    This Court has original jurisdiction, as defined by 28 U.S.C. § 1331, over this civil action pursuant to Section 2617 of the FMLA, 29 U.S.C. § 2617, which provides that "[a]n action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction...".

6.    Accordingly, this action arises under federal law and is removable to this

Court pursuant to 28 U.S.C. §1441(b) because it seeks to assert claims arising

under the laws of the United States.

Dated: New York, New York
        March 14, 2008

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP

By: _____
    Rory J. McEvoy (RM 1327)
    Attorneys for Defendant
    750 Lexington Avenue
    New York, New York 10022
    212.308.4411

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

JOSEPH DI GIOVANNA,

                   Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,
                Defendants.

-------------------------------------------------------------X

Index No.: 07116 457-07
Date Filed: 12/11/07

**SUMMONS**

To:   Beth Israel Medical Center
      555 West 57th Street, 18th Floor
      New York, NY 10019


        YOU ARE HEREBY SUMMONED to answer the complaint in this action
and to serve a copy of your answer on the plaintiff's attorneys within twenty (20)
days after the service of this Summons, exclusive of the date of service, where
service is made by delivery upon you personally within the State, or within thirty
(30) days after completion of service where service is made in any other manner.
In case of your failure to appear or to answer, judgment will be taken against you
by default for the relief demanded in the complaint.

        Plaintiff designates New York County as the place of trial.

        The basis for venue is Defendant's place of business.


Dated: December 10, 2007
       Roslyn, New York


              THE LAW FIRM OF LOUIS GINSBERG, P.C.
              Attorneys for Plaintiff
              1613 Northern Boulevard
              Roslyn, NY 11576
              (516) 625-0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------X
JOSEPH DI GIOVANNA,

                          Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER and
CONTINUUM HEALTH PARTNERS, INC.,

                    Defendants.
--------------------------------------------------X

Index No.:
Date Filed:

COMPLAINT
JURY TRIAL
DEMANDED

       Plaintiff, Joseph Di Giovanna, by his counsel, The Law Firm of Louis Ginsberg,

P.C., alleges for his complaint as follows:

## JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to the Family and Medical

Leave Act ("FMLA"), 29 U.S.C. §§2601 *et. seq.*

## PARTIES

2.     Plaintiff, Joseph Di Giovanna , resides at 66-45 73rd Place, Middle Village, NY

11379. Plaintiff is an "eligible employee" under 29 U.S.C. §2611(2)(A) in that he was

employed by Defendants for at least twelve (12) months and for at least 1,250 hours

during the twelve (12) month period prior to his leave.

3.     Defendants, Beth Israel Medical Center, and Continuum Health Partners, Inc.,

jointly employed Plaintiff.   They are employers under 29 U.S.C. § 2611(4)(A) in that

each is engaged in an industry affecting commerce and, upon information and belief,

each has had fifty (50) or more employees for each working day in each of twenty (20) or

more calendar weeks in the current or preceding calendar year. Defendants maintain several offices in New York City, including one at 170 East End Avenue at 87th Street, New York, NY 10128

## FACTS

4.      Plaintiff began his employment with Defendants on or about July 5, 2005. At all times herein, Plaintiff performed his job as the Director of Revenue Cycle Operations for Patient Accounts competently. In fact, Plaintiff received a pay raise in 2006 because of his good job performance.

5.      On or about April 20, 2007, Plaintiff's supervisor, Allise Williams, wrote a recommendation letter for Plaintiff. In the letter, which was sent to Professor Edward J. Spiegel of St. Joseph's College, Ms. Williams explained that Plaintiff had reported to her directly for the past one (1) year and eight (8) months and that Plaintiff had excellent leadership skills, excellent supervisory and management skills and had a solid knowledge base in his field. Ms. Williams stated:

> "Joseph has excellent leadership skills which allow him to solve problems and maintain departmental performance. During his time with us, Joseph has continually displayed excellent supervisory and management skills, led and presented at meeting and presentations. Joseph has a solid knowledge base in Revenue Cycle Operations, Continuous Quality Improvement, and as a departmental Director provides leadership in our recruitment efforts, and frequently leads various projects related to our organizational objectives and a Director affectively."

6.      During 2007, Plaintiff spoke twice with Kathy Dakis, a Vice-President, about his father's serious illness and about Plaintiff's intention of filing for FMLA leave time. Plaintiff's father had been diagnosed with cancer and Plaintiff needed to assist his

father with doctors appointments, medication, and other care related to his father's illness. On both occasions, Ms. Dakis tried to convince Plaintiff not to file an FMLA request for leave time.

7.    Subsequently, in or about early May, 2007, Plaintiff spoke with Ms. Williams about his father's illness and the fact that Plaintiff was going to file an FMLA request for time off. Ms. Williams also tried to discourage Plaintiff from filing his FMLA request.

8.    On or about May 17, 2007, Plaintiff requested FMLA leave.

9.    Plaintiff's father's condition qualified as a "serious medical condition" under 29 U.S.C. §2611(11)(B) and 29 C.F.R. §825.114(a)(3) in that it was an injury involving continuing treatment by a health care provider for a chronic or long-term health condition that was incurable or so serious that if not treated would likely result in a period of incapacity of more than three calendar days. In addition, Plaintiff was entitled to take intermittent time off under 29 U.S.C. § 2612 (b)(1) in order to help care for his father's serious medical condition.

10.    On or about June 13, 2007, Plaintiff received a letter from Liberty Mutual Leave Services Team (his insurer through work) informing Plaintiff that his request for intermittent leave under the FMLA had been approved from May 14, 2007 to May 12, 2008.

11.    Shortly thereafter, on or about July 2, 2007, Ms. Williams conducted an annual Performance Evaluation of Plaintiff's work. Although Ms. Williams indicated that Plaintiff met expectations in many categories, she also indicated that Plaintiff needed to make an "immediate improvement."

12.    Much of Ms. Williams' Performance Appraisal of Plaintiff was in contradiction with the Letter of Recommendation she had written on his behalf less than two (2) months before, prior to Plaintiff's filing for FMLA time off. The only change that Plaintiff had made in that time was that he had filed for leave under the FMLA.

13.    Subsequently, a co-worker of Plaintiff's, Karen Ferrel, had approached Plaintiff and had asked his advice regarding her own request for FMLA time off. Apparently, Ms. Williams had also given Ms. Ferrel a hard time with her FMLA request.

14.    Similarly, Ms. Williams had tried to discourage Plaintiff from approving FMLA requests from employees who reported to him in his role as Department Head.

15.    In or about September, 2007, Plaintiff's supervisor asked him to work additional hours. During this time period, Plaintiff had to take a few days off because of his father's serious illness.

16.    Shortly thereafter, on or about October 29, 2007, Plaintiff's employment was terminated.

17.    Plaintiff was unlawfully fired because he exercised his rights under the FMLA.

18.    The conduct of Defendants and their agents violated Plaintiff's rights under the FMLA.

## AS AND FOR PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF ACTION AGAINST DEFENDANTS PURSUANT TO THE FAMILY AND MEDICAL LEAVE ACT

19.    Plaintiff incorporates paragraphs 1-18 as if fully rewritten herein.

20.    By and through their course of conduct, Defendants and their agents willfully

violated 29 U.S.C. §§ 2612, 2614, and 2615 *et seq.* by denying Plaintiff leave, by

interfering with, restraining and/or denying the Plaintiff's exercise and attempted exercise

of his FMLA rights and by terminating Plaintiff's employment because he exercised his

FMLA rights, and opposed the interference with his rights and the rights of others.

21.    Other than this lawsuit, there is no other complaint pending with any

administrative agency or court regarding these events.

WHEREFORE, the Plaintiff prays that this Court:

(a)    accepts jurisdiction over this matter;

(b)    impanels and charges a jury with respect to the causes of action;
and,

(c)    awards the following damages jointly and severally against both
the Defendants:

i.    Back pay, front pay, and all benefits along with pre and
post judgment interest in the amount of one million dollars
($1,000,000.00);

ii.    Liquidated and compensatory damages including, but not
limited to, damages for pain and suffering, anxiety,
humiliation, physical injuries and emotional distress in
order to compensate him for the injuries he has suffered
and to signal to other employers that discrimination in
employment is repulsive to legislative enactments in the
amount of one million dollars ($1,000,000.00),

   iii. Attorney's fees, costs and expenses as provided for by the applicable statutes; and,

   iv. Any other relief which this Court deems just and equitable.

Dated: December 10, 2007
  Roslyn, New York

       Respectfully submitted,

       THE LAW FIRM OF
       LOUIS GINSBERG, P.C.

    By:

       Louis Ginsberg (LG 1048)
       1613 Northern Boulevard
       Roslyn, New York 11576
       (516) 625-0105
       Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------X

JOSEPH DI GIOVANNA                          :

                              :    Index No.: 07116437/07

                              :

             Plaintiff,             :

                              :

-against-                                   :

                              :    NOTICE OF MOTION

BETH ISRAEL MEDICAL CENTER,                 :
and CONTINUUM HEALTH
PARTNERS, INC.,                             :

                              :

           Defendants.            :

-----------------------------------------------------X

SIRS:

      PLEASE TAKE NOTICE, that upon the annexed affirmation of Louis Ginsberg,

Esq., dated March 5, 2008, the Summonses and Complaint filed December 11, 2007, and

the Affidavits of Service dated January 16, 2008, Plaintiff will move this Court, pursuant

to CPLR § 3215 at IAS Motion Support, to be held at the New York County Courthouse,

located at 60 Centre Street, New York, New York 10007, on March 21, 2008 at 10:00

AM, for judgment as demanded in the Complaint on the ground that Defendants Beth

Israel Medical Center and Continuum Health Partners, Inc. have defaulted in this action.


Dated: Roslyn, New York
       March 5, 2008


                            THE LAW FIRM OF
                            LOUIS GINSBERG, P.C

               By:  _____
                         Louis Ginsberg (LG 1048)

1613 Northern Boulevard
Roslyn, New York 11576
(516) 625-0105
Attorneys for Plaintiff

To:    Rory McAvoy, Esq.
       Edwards, Angell, Palmer & Dodge
       750 Lexington Avenue
       New York, New York 10022
       Attorneys for Defendants

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------------------------X
**JOSEPH DI GIOVANNA,**

                                                                    Index No.: 07116437/07

                          **Plaintiff,**

            -against-                                    **AFFIRMATION IN**
                                                                    **SUPPORT OF MOTION**

**BETH ISRAEL MEDICAL CENTER and**
**CONTINUUM HEALTH PARTNERS, INC.,**

                          **Defendants.**
-----------------------------------------------------------X

STATE OF NEW YORK       )
                                       ) ss.:
COUNTY OF NEW YORK   )

            Louis Ginsberg, an attorney duly admitted to practice before the Courts of the

State of New York, under penalty of perjury, affirms as follows:


            1.       I am a lawyer with the Law Firm of Louis Ginsberg, P.C., attorneys for

Plaintiff in the above entitled action and I am familiar with the facts and circumstances

set forth herein.

            2.       I make this Affirmation in support of Plaintiff's Motion for a Default

Judgment.

            3.       The Complaint sets forth causes of action for violation of 29 U.S.C. §§

2612, 2614, and 2615 *et seq.* ("FMLA") by denying Plaintiff leave, by interfering with,

restraining and/or denying the Plaintiff's exercise and attempted exercise of his FMLA

rights and by terminating Plaintiff's employment because he exercised his FMLA rights,

and opposed the interference with his rights and the rights of others.

                                              1

4.    Plaintiff filed his Complaint with the Supreme Court of the State of New York, New York County on or about December 11, 2007 (see Summonses and Complaint attached as **Exhibit A**).

5.    Service was made upon Defendants Beth Israel Medical Center and Continuum Health Partners, Inc. on or about January 10, 2008 (see Affidavits of Service attached as **Exhibit B**).

6.    To date, Defendants Beth Israel Medical Center and Continuum Health Partners, Inc. have failed to respond to Plaintiff's Complaint.  Defendants Beth Israel Medical Center and Continuum Health Partners, Inc. are in default.

7.    Plaintiff respectfully requests that this Court enter a default judgment against Defendants Beth Israel Medical Center and Continuum Health Partners, Inc. and schedule an Inquest Hearing for determining damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants Beth Israel Medical Center and Continuum Health Partners, Inc., together with interest, costs and disbursements, as demanded in the Complaint.

Dated: March 5, 2008
      Roslyn, New York

Respectfully submitted,

By: _____
Louis Ginsberg (LG 1048)
For the Law Firm of
Louis Ginsberg, P.C.
1613 Northern Blvd.
Roslyn, New York 11576
(516) 625-0105
Attorneys for Plaintiff

2

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
JOSEPH DI GIOVANNA,

                  Plaintiff,

-against-


BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,
                  Defendants.
-------------------------------------------------------------X

Index No.: 07116457/07
Date Filed: 12/11/07

**SUMMONS**

To:    Beth Israel Medical Center
        555 West 57th Street, 18th Floor
        New York, NY 10019


        YOU ARE HEREBY SUMMONED to answer the complaint in this action
and to serve a copy of your answer on the plaintiff's attorneys within twenty (20)
days after the service of this Summons, exclusive of the date of service, where
service is made by delivery upon you personally within the State, or within thirty
(30) days after completion of service where service is made in any other manner.
In case of your failure to appear or to answer, judgment will be taken against you
by default for the relief demanded in the complaint.

        Plaintiff designates New York County as the place of trial.

        The basis for venue is Defendant's place of business.


Dated:  December 10, 2007
        Roslyn, New York


                  THE LAW FIRM OF LOUIS GINSBERG, P.C.
                  Attorneys for Plaintiff
                  1613 Northern Boulevard
                  Roslyn, NY 11576
                  (516) 625- 0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
JOSEPH DI GIOVANNA,

                    Plaintiff,

-against-


BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,
              Defendants.
-------------------------------------------------------------X

Index No.:
Date Filed:


SUMMONS

To:   Continuum Health Partners, Inc.
      555 West 57th Street, 18th Floor
      New York, NY 10019


        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

        Plaintiff designates New York County as the place of trial.

        The basis for venue is Defendant's place of business.


Dated: December 10, 2007
      Roslyn, New York


                THE LAW FIRM OF LOUIS GINSBERG, P.C.
                Attorneys for Plaintiff
                1613 Northern Boulevard
                Roslyn, NY 11576
                (516) 625- 0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
JOSEPH DI GIOVANNA,

                  Plaintiff,

-against-


BETH ISRAEL MEDICAL CENTER and
CONTINUUM HEALTH PARTNERS, INC.,

             Defendants.
---------------------------------------------------------------X

Index No.:
Date Filed:

COMPLAINT
JURY TRIAL
DEMANDED

      Plaintiff, Joseph Di Giovanna, by his counsel, The Law Firm of Louis Ginsberg,

P.C., alleges for his complaint as follows:


## JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to the Family and Medical

Leave Act ("FMLA"), 29 U.S.C. §§2601 *et. seq.*


## PARTIES

2.     Plaintiff, Joseph Di Giovanna , resides at 66-45 73rd Place, Middle Village, NY

11379.  Plaintiff is an "eligible employee" under 29 U.S.C. §2611(2)(A) in that he was

employed by Defendants for at least twelve (12) months and for at least 1,250 hours

during the twelve (12) month period prior to his leave.

3.     Defendants, Beth Israel Medical Center, and Continuum Health Partners, Inc.,

jointly employed Plaintiff.   They are employers under 29 U.S.C. § 2611(4)(A) in that

each is engaged in an industry affecting commerce and, upon information and belief,

each has had fifty (50) or more employees for each working day in each of twenty (20) or

more calendar weeks in the current or preceding calendar year. Defendants maintain several offices in New York City, including one at 170 East End Avenue at 87th Street, New York, NY 10128.

## FACTS

4.      Plaintiff began his employment with Defendants on or about July 5, 2005. At all times herein, Plaintiff performed his job as the Director of Revenue Cycle Operations for Patient Accounts competently. In fact, Plaintiff received a pay raise in 2006 because of his good job performance.

5.      On or about April 20, 2007, Plaintiff's supervisor, Allise Williams, wrote a recommendation letter for Plaintiff. In the letter, which was sent to Professor Edward J. Spiegel of St. Joseph's College, Ms. Williams explained that Plaintiff had reported to her directly for the past one (1) year and eight (8) months and that Plaintiff had excellent leadership skills, excellent supervisory and management skills and had a solid knowledge base in his field. Ms. Williams stated:

> "Joseph has excellent leadership skills which allow him to solve problems and maintain departmental performance. During his time with us, Joseph has continually displayed excellent supervisory and management skills, led and presented at meeting and presentations. Joseph has a solid knowledge base in Revenue Cycle Operations, Continuous Quality Improvement, and as a departmental Director provides leadership in our recruitment efforts, and frequently leads various projects related to our organizational objectives and a Director affectively."

6.      During 2007, Plaintiff spoke twice with Kathy Dakis, a Vice-President, about his father's serious illness and about Plaintiff's intention of filing for FMLA leave time. Plaintiff's father had been diagnosed with cancer and Plaintiff needed to assist his

father with doctors appointments, medication, and other care related to his father's illness. On both occasions, Ms. Dakis tried to convince Plaintiff not to file an FMLA request for leave time.

7.      Subsequently, in or about early May, 2007, Plaintiff spoke with Ms. Williams about his father's illness and the fact that Plaintiff was going to file an FMLA request for time off. Ms. Williams also tried to discourage Plaintiff from filing his FMLA request.

8.      On or about May 17, 2007, Plaintiff requested FMLA leave.

9.      Plaintiff's father's condition qualified as a "serious medical condition" under 29 U.S.C. §2611(11)(B) and 29 C.F.R. §825.114(a)(3) in that it was an injury involving continuing treatment by a health care provider for a chronic or long-term health condition that was incurable or so serious that if not treated would likely result in a period of incapacity of more than three calendar days. In addition, Plaintiff was entitled to take intermittent time off under 29 U.S.C. § 2612 (b)(1) in order to help care for his father's serious medical condition.

10.     On or about June 13, 2007, Plaintiff received a letter from Liberty Mutual Leave Services Team (his insurer through work) informing Plaintiff that his request for intermittent leave under the FMLA had been approved from May 14, 2007 to May 12, 2008.

11.     Shortly thereafter, on or about July 2, 2007, Ms. Williams conducted an annual Performance Evaluation of Plaintiff's work. Although Ms. Williams indicated that Plaintiff met expectations in many categories, she also indicated that Plaintiff needed to make an "immediate improvement."

12.    Much of Ms. Williams' Performance Appraisal of Plaintiff was in contradiction with the Letter of Recommendation she had written on his behalf less than two (2) months before, prior to Plaintiff's filing for FMLA time off. The only change that Plaintiff had made in that time was that he had filed for leave under the FMLA.

13.    Subsequently, a co-worker of Plaintiff's, Karen Ferrel, had approached Plaintiff and had asked his advice regarding her own request for FMLA time off. Apparently, Ms. Williams had also given Ms. Ferrel a hard time with her FMLA request.

14.    Similarly, Ms. Williams had tried to discourage Plaintiff from approving FMLA requests from employees who reported to him in his role as Department Head.

15.    In or about September, 2007, Plaintiff's supervisor asked him to work additional hours. During this time period, Plaintiff had to take a few days off because of his father's serious illness.

16.    Shortly thereafter, on or about October 29, 2007, Plaintiff's employment was terminated.

17.    Plaintiff was unlawfully fired because he exercised his rights under the FMLA.

18.    The conduct of Defendants and their agents violated Plaintiff's rights under the FMLA.

AS AND FOR PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF
ACTION AGAINST DEFENDANTS PURSUANT TO THE FAMILY AND
MEDICAL LEAVE ACT

19.     Plaintiff incorporates paragraphs 1-18 as if fully rewritten herein.

20.     By and through their course of conduct, Defendants and their agents willfully

violated 29 U.S.C. §§ 2612, 2614, and 2615 *et seq.* by denying Plaintiff leave, by

interfering with, restraining and/or denying the Plaintiff's exercise and attempted exercise

of his FMLA rights and by terminating Plaintiff's employment because he exercised his

FMLA rights, and opposed the interference with his rights and the rights of others.

21.     Other than this lawsuit, there is no other complaint pending with any

administrative agency or court regarding these events.

WHEREFORE, the Plaintiff prays that this Court:

(a)     accepts jurisdiction over this matter;

(b)     impanels and charges a jury with respect to the causes of action;
and,

(c)     awards the following damages jointly and severally against both
the Defendants:

i.      Back pay, front pay, and all benefits along with pre and
post judgment interest in the amount of one million dollars
($1,000,000.00);

ii.     Liquidated and compensatory damages including, but not
limited to, damages for pain and suffering, anxiety,
humiliation, physical injuries and emotional distress in
order to compensate him for the injuries he has suffered
and to signal to other employers that discrimination in
employment is repulsive to legislative enactments in the
amount of one million dollars ($1,000,000.00);

    iii.    Attorney's fees, costs and expenses as provided for by the applicable statutes; and,

    iv.    Any other relief which this Court deems just and equitable.

Dated: December 10, 2007
      Roslyn, New York

Respectfully submitted,

THE LAW FIRM OF
LOUIS GINSBERG, P.C.

By:    _____
    Louis Ginsberg (LG 1048)
    1613 Northern Boulevard
    Roslyn, New York 11576
    (516) 625-0105
    Attorneys for Plaintiff

EXHIBIT B



ABC PROCESS SERVICE INC.
Attorney:
LOUIS GINSBERG, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOSEPH DI GIOVANNA

(PLAINTIFF)                        Index No ___07116437___

against

                                   Date Filed ___12/11/2007___
                                   Office No LOG010555WE

BETH ISRAEL MEDICAL CENTER, ETAL;        (DEFENDANT)

STATE OF NEW YORK, COUNTY OF NEW YORK            SS:

SCHADRAC LAGUERRE       being duly sworn, deposes and says

that he is over the age of 18 years, not a party to the action, and resides in the State of New York:

That on the   10   day of  January    2008 at  2:50 PM , at

555 WEST 57TH ST, 18TH FLR;NY, NY 10019

he served the annexed  SUMMONS, COMPLAINT AND JURY TRIAL DEMANDED

upon BETH ISRAEL MEDICAL CENTER,

in this action, by delivering to and leaving with said  MS. M. ORTIZ, MANAGING AGENT

a true copy thereof.

Deponent describes person served as aforesaid to the best of deponents ability at the
time and circumstances of service as follows:

1. Sex FEMALE   Color BROWN   Hair BLACK  app.age  40 YRS  app.ht  5'8"   app.wt  150 LBS

DEPONENT FURTHER SAYS, that  he knew the Corporation so served as aforesaid to be
the Corporation mentioned and described in the said   SUMMONS, COMPLAINT AND JURY TRIAL DEMANDED.

SWORN to before me this   16

day of   January   2008           _____
                                      SCHADRAC LAGUERRE
                                   License No.:  1021952             :bb

JAY BRODSKY
Notary Public, State of New York
No. 31-4663971
Qualified in New York County
Commission Expires Feb. 7, 2011

NEW YORK
COUNTY CLERKS OFFICE

JAN 22 2008

NOT COMPARED
WITH COPY FILE

UCS-840 (REV 1/2000)

## REQUEST FOR JUDICIAL INTERVENTION

| COURT | COUNTY | INDEX NO. | DATE PURCHASED | | For Clerk Only |
|---|---|---|---|---|---|
| SUPREME | NEW YORK | 071149/07 | 12/11/07 | | IAS entry date |
| | | | | | Judge Assigned |
| | | | | | RJI Date |

PLAINTIFF(S): JOSEPH DI GIOVANNA

DEFENDANT(S): BETH ISRAEL MEDICAL CENTER and CONTINUUM HEALTH PARTNERS INC

Date issue joined: 1/10/08      Bill of particulars served (Y/N): [ ] Yes [ ] No

**NATURE OF JUDICIAL INTERVENTION** (check ONE box only AND enter information):

[ ] Request for preliminary conference
[ ] Note of issue and/or certificate of readiness
[x] Notice of motion (return date): 3/21/08     Relief sought: default judgment
[ ] Order to show cause
(clerk enter return date): _____
Relief sought: _____
[ ] Other ex parte application (specify): _____

[ ] Notice of petition (return date): _____
Relief sought: _____
[ ] Notice of medical or dental malpractice action (specify): _____
[ ] Statement of net worth
[ ] Writ of habeas corpus
[ ] Other (specify): _____

**NATURE OF ACTION OR PROCEEDING** (Check ONE box only):

**TORTS**
MATRIMONIAL
[ ] Uncontested         -UM
[ ] Contested           -CM

**COMMERCIAL**
[ ] Contract            -CONT
[ ] Corporate           -CORP
[ ] Insurance (where insurer is a party, except arbitration)  -INS
[ ] UCC (including sales, negotiable instruments)  -UCC
[ ] *Other Commercial   -OC

**REAL PROPERTY**
[ ] Tax Certiorari      -TAX
[ ] Foreclosure         -FOR
[ ] Condemnation        -COND
[ ] Landlord/Tenant     -LT
[ ] *Other Real Property -ORP

**OTHER MATTERS**
[ ] _____ FMLA    -OTR

Malpractice
[ ] Medical/Podiatric   -MM
[ ] Dental              -DM
[ ] *Other Professional -OPM

[ ] Motor Vehicle       -MV
[ ] Products Liability   -PL
Environmental
[ ] Environmental       -EN
[ ] Asbestos            -ASB
[ ] Breast Implant      -BI
[ ] *Other Negligence   -OTN

[ ] *Other Tort (including intentional)  -OT

**SPECIAL PROCEEDINGS**
[ ] Art. 75 (Arbitration)  -ART75
[ ] Art. 77 (Trusts)    -ART77
[ ] Art. 78             -ART78
[ ] Election Law        -ELEC
[ ] Guardianship (MHL Art. 81)  -GUARD81
[ ] *Other Mental Hygiene  -MHYG
[ ] *Other Special Proceeding  -OSP

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

YES   NO                                              YES   NO
[ ]   [✓] Municipality:                               [ ]   [✓] Public Authority:
          (Specify_____)                            (Specify_____)

YES   NO
[ ]   [✓] Does this action/proceeding seek equitable relief?
[ ]   [✓] Does this action/proceeding seek recovery for personal injury?
[ ]   [✓] Does this action/proceeding seek recovery for property damage?

Pre-Note Time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

   ☐ Expedited: 0-8 months      ✓ Standard: 9-12 months      ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

   Has summons been served?          ☐ No          ☐ Yes, Date_____

   Was a Notice of No Necessity filed?  ☐ No          ☐ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | The Law Firm of Lois | 1613 Northern Blvd. | (516) 625-0105 |
| ☐ | Ginsberg, P.C. | Roslyn, NY 11576 | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Edwards, Angell, Palmer + Dodge | 750 Lexington Ave | (212) 912-2787 |
| ☐ | | NY, NY 10022 | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and
enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

UNKNOWN

RELATED CASES: (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|

NONE

          I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE
BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN
THIS ACTION OR PROCEEDING.

Dated:

3/5/08

                                        _____
                                        (SIGNATURE)

                                        Lois Ginsberg
                                        (PRINT OR TYPE NAME)

                                        Plaintiff
                                        (ATTORNEY FOR)

          ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOSEPH DI GIOVANNA,

Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER and,
CONTINUUM HEALTH PARNTERS, INC.,

Defendants.

---

REQUEST FOR JUDICIAL INTERVENTION

---

The Law Firm of Louis Ginsberg P.C.
1613 Northern Blvd.
Roslyn, NY 11576
(516) 625- 0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOSEPH DI GIOVANNA,

Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER,
and CONTINUUM HEALTH PARTNERS, INC.

Defendants.

---

NOTICE OF MOTION

---

The Law Firm of Louis Ginsberg P.C.
1613 Northern Blvd.
Roslyn, NY 11576
(516) 625- 0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
JOSEPH DI GIOVANNA                              :
                                                :      Index No.: 07116437/07
                                                :
                    Plaintiff,                  :
                                                :
-against-                                       :
                                                :      **AMENDED NOTICE OF**
BETH ISRAEL MEDICAL CENTER,                     :      **MOTION**
and CONTINUUM HEALTH                            :
PARTNERS, INC.,                                 :
                                                :
                    Defendants.                 :
------------------------------------------------------- X

SIRS:

        PLEASE TAKE NOTICE, that upon the annexed affirmation of Louis Ginsberg,

Esq., dated March 5, 2008, the Summonses and Complaint filed December 11, 2007, and

the Affidavits of Service dated January 16, 2008, Plaintiff will move this Court, pursuant

to CPLR § 3215 at the Motion Submission Part, Room 130, to be held at the Supreme

Court located at 60 Centre Street, New York, New York 10007, on March 27, 2008 at

9:30 AM, for judgment as demanded in the Complaint on the ground that Defendants

Beth Israel Medical Center and Continuum Health Partners, Inc. have defaulted in this

action.


Dated: Roslyn, New York
       March 7, 2008


                                        THE LAW FIRM OF
                                        LOUIS GINSBERG, P.C

By: _____
Louis Ginsberg (LG 1048)
1613 Northern Boulevard
Roslyn, New York 11576
(516) 625-0105
Attorneys for Plaintiff

To:    Rory McAvoy, Esq.
Edwards, Angell, Palmer & Dodge
750 Lexington Avenue
New York, New York 10022
Attorneys for Defendants

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
JOSEPH DI GIOVANNA,

                                                    Index No.: 07116437/07

                    Plaintiff,

        -against-                                   **AFFIRMATION IN**
                                                    **SUPPORT OF MOTION**

BETH ISRAEL MEDICAL CENTER and
CONTINUUM HEALTH PARTNERS, INC.,

                    Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

        Louis Ginsberg, an attorney duly admitted to practice before the Courts of the

State of New York, under penalty of perjury, affirms as follows:


        1.      I am a lawyer with the Law Firm of Louis Ginsberg, P.C., attorneys for

Plaintiff in the above entitled action and I am familiar with the facts and circumstances

set forth herein.

        2.      I make this Affirmation in support of Plaintiff's Motion for a Default

Judgment.

        3.      The Complaint sets forth causes of action for violation of 29 U.S.C. §§

2612, 2614, and 2615 *et seq.* ("FMLA") by denying Plaintiff leave, by interfering with,

restraining and/or denying the Plaintiff's exercise and attempted exercise of his FMLA

rights and by terminating Plaintiff's employment because he exercised his FMLA rights,

and opposed the interference with his rights and the rights of others.

1

4.    Plaintiff filed his Complaint with the Supreme Court of the State of New York, New York County on or about December 11, 2007 (see Summonses and Complaint attached as **Exhibit A**).

5.    Service was made upon Defendants Beth Israel Medical Center and Continuum Health Partners, Inc. on or about January 10, 2008 (see Affidavits of Service attached as **Exhibit B**).

6.    To date, Defendants Beth Israel Medical Center and Continuum Health Partners, Inc. have failed to respond to Plaintiff's Complaint.  Defendants Beth Israel Medical Center and Continuum Health Partners, Inc. are in default.

7.    Plaintiff respectfully requests that this Court enter a default judgment against Defendants Beth Israel Medical Center and Continuum Health Partners, Inc. and schedule an Inquest Hearing for determining damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants Beth Israel Medical Center and Continuum Health Partners, Inc., together with interest, costs and disbursements, as demanded in the Complaint.

Dated: March 5, 2008
        Roslyn, New York

Respectfully submitted,

By:

Louis Ginsberg (LG 1048)
For the Law Firm of
Louis Ginsberg, P.C.
1613 Northern Blvd.
Roslyn, New York 11576
(516) 625-0105
Attorneys for Plaintiff

2

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
JOSEPH DI GIOVANNA,

                     Plaintiff,

-against-



BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,
                 Defendants.
-------------------------------------------------------------X

Index No.: 07116457o7
Date Filed: 12/11/07

SUMMONS

To:   Beth Israel Medical Center
      555 West 57th Street, 18th Floor
      New York, NY 10019


        YOU ARE HEREBY SUMMONED to answer the complaint in this action
and to serve a copy of your answer on the plaintiff's attorneys within twenty (20)
days after the service of this Summons, exclusive of the date of service, where
service is made by delivery upon you personally within the State, or within thirty
(30) days after completion of service where service is made in any other manner.
In case of your failure to appear or to answer, judgment will be taken against you
by default for the relief demanded in the complaint.

        Plaintiff designates New York County as the place of trial.

        The basis for venue is Defendant's place of business.


Dated:  December 10, 2007
        Roslyn, New York



                      THE LAW FIRM OF LOUIS GINSBERG, P.C.
                      Attorneys for Plaintiff
                      1613 Northern Boulevard
                      Roslyn, NY 11576
                      (516) 625- 0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
JOSEPH DI GIOVANNA,

                                Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,
                       Defendants.
-----------------------------------------------------------------X

Index No.:
Date Filed:

SUMMONS

To:    Continuum Health Partners, Inc.
       555 West 57th Street, 18th Floor
       New York, NY 10019

          YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

          Plaintiff designates New York County as the place of trial.

          The basis for venue is Defendant's place of business.

Dated: December 10, 2007
       Roslyn, New York

                             THE LAW FIRM OF LOUIS GINSBERG, P.C.
                             Attorneys for Plaintiff
                             1613 Northern Boulevard
                             Roslyn, NY 11576
                             (516) 625- 0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
JOSEPH DI GIOVANNA,

                             Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER and
CONTINUUM HEALTH PARTNERS, INC.,

                        Defendants.
-------------------------------------------------------------X

Index No.:
Date Filed:

COMPLAINT
JURY TRIAL
DEMANDED

       Plaintiff, Joseph Di Giovanna, by his counsel, The Law Firm of Louis Ginsberg,

P.C., alleges for his complaint as follows:

## JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to the Family and Medical

Leave Act ("FMLA"), 29 U.S.C. §§2601 *et. seq.*

## PARTIES

2.     Plaintiff, Joseph Di Giovanna , resides at 66-45 73rd Place, Middle Village, NY

11379.  Plaintiff is an "eligible employee" under 29 U.S.C. §2611(2)(A) in that he was

employed by Defendants for at least twelve (12) months and for at least 1,250 hours

during the twelve (12) month period prior to his leave.

3.     Defendants, Beth Israel Medical Center, and Continuum Health Partners, Inc.,

jointly employed Plaintiff.   They are employers under 29 U.S.C. § 2611(4)(A) in that

each is engaged in an industry affecting commerce and, upon information and belief,

each has had fifty (50) or more employees for each working day in each of twenty (20) or

more calendar weeks in the current or preceding calendar year. Defendants maintain several offices in New York City, including one at 170 East End Avenue at 87th Street, New York, NY 10128.

## FACTS

4.    Plaintiff began his employment with Defendants on or about July 5, 2005. At all times herein, Plaintiff performed his job as the Director of Revenue Cycle Operations for Patient Accounts competently. In fact, Plaintiff received a pay raise in 2006 because of his good job performance.

5.    On or about April 20, 2007, Plaintiff's supervisor, Allise Williams, wrote a recommendation letter for Plaintiff. In the letter, which was sent to Professor Edward J. Spiegel of St. Joseph's College, Ms. Williams explained that Plaintiff had reported to her directly for the past one (1) year and eight (8) months and that Plaintiff had excellent leadership skills, excellent supervisory and management skills and had a solid knowledge base in his field. Ms. Williams stated:

> "Joseph has excellent leadership skills which allow him to solve problems and maintain departmental performance. During his time with us, Joseph has continually displayed excellent supervisory and management skills, led and presented at meeting and presentations. Joseph has a solid knowledge base in Revenue Cycle Operations, Continuous Quality Improvement, and as a departmental Director provides leadership in our recruitment efforts, and frequently leads various projects related to our organizational objectives and a Director affectively."

6.    During 2007, Plaintiff spoke twice with Kathy Dakis, a Vice-President, about his father's serious illness and about Plaintiff's intention of filing for FMLA leave time. Plaintiff's father had been diagnosed with cancer and Plaintiff needed to assist his

father with doctors appointments, medication, and other care related to his father's illness. On both occasions, Ms. Dakis tried to convince Plaintiff not to file an FMLA request for leave time.

7.  Subsequently, in or about early May, 2007, Plaintiff spoke with Ms. Williams about his father's illness and the fact that Plaintiff was going to file an FMLA request for time off. Ms. Williams also tried to discourage Plaintiff from filing his FMLA request.

8.  On or about May 17, 2007, Plaintiff requested FMLA leave.

9.  Plaintiff's father's condition qualified as a "serious medical condition" under 29 U.S.C. §2611(11)(B) and 29 C.F.R. §825.114(a)(3) in that it was an injury involving continuing treatment by a health care provider for a chronic or long-term health condition that was incurable or so serious that if not treated would likely result in a period of incapacity of more than three calendar days. In addition, Plaintiff was entitled to take intermittent time off under 29 U.S.C. § 2612 (b)(1) in order to help care for his father's serious medical condition.

10.  On or about June 13, 2007, Plaintiff received a letter from Liberty Mutual Leave Services Team (his insurer through work) informing Plaintiff that his request for intermittent leave under the FMLA had been approved from May 14, 2007 to May 12, 2008.

11.  Shortly thereafter, on or about July 2, 2007, Ms. Williams conducted an annual Performance Evaluation of Plaintiff's work. Although Ms. Williams indicated that Plaintiff met expectations in many categories, she also indicated that Plaintiff needed to make an "immediate improvement."

12.    Much of Ms. Williams' Performance Appraisal of Plaintiff was in contradiction with the Letter of Recommendation she had written on his behalf less than two (2) months before, prior to Plaintiff's filing for FMLA time off.  The only change that Plaintiff had made in that time was that he had filed for leave under the FMLA.

13.    Subsequently, a co-worker of Plaintiff's, Karen Ferrel, had approached Plaintiff and had asked his advice regarding her own request for FMLA time off.  Apparently, Ms. Williams had also given Ms. Ferrel a hard time with her FMLA request.

14.    Similarly, Ms. Williams had tried to discourage Plaintiff from approving FMLA requests from employees who reported to him in his role as Department Head.

15.    In or about September, 2007, Plaintiff's supervisor asked him to work additional hours.  During this time period, Plaintiff had to take a few days off because of his father's serious illness.

16.    Shortly thereafter, on or about October 29, 2007, Plaintiff's employment was terminated.

17.    Plaintiff was unlawfully fired because he exercised his rights under the FMLA.

18.    The conduct of Defendants and their agents violated Plaintiff's rights under the FMLA.

AS AND FOR PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF
ACTION AGAINST DEFENDANTS PURSUANT TO THE FAMILY AND
MEDICAL LEAVE ACT

19.    Plaintiff incorporates paragraphs 1-18 as if fully rewritten herein.

20.    By and through their course of conduct, Defendants and their agents willfully

violated 29 U.S.C. §§ 2612, 2614, and 2615 *et seq.* by denying Plaintiff leave, by

interfering with, restraining and/or denying the Plaintiff's exercise and attempted exercise

of his FMLA rights and by terminating Plaintiff's employment because he exercised his

FMLA rights, and opposed the interference with his rights and the rights of others.

21.    Other than this lawsuit, there is no other complaint pending with any

administrative agency or court regarding these events.

WHEREFORE, the Plaintiff prays that this Court:

(a)    accepts jurisdiction over this matter;

(b)    impanels and charges a jury with respect to the causes of action;
and,

(c)    awards the following damages jointly and severally against both
the Defendants:

i.    Back pay, front pay, and all benefits along with pre and
post judgment interest in the amount of one million dollars
($1,000,000.00);

ii.    Liquidated and compensatory damages including, but not
limited to, damages for pain and suffering, anxiety,
humiliation, physical injuries and emotional distress in
order to compensate him for the injuries he has suffered
and to signal to other employers that discrimination in
employment is repulsive to legislative enactments in the
amount of one million dollars ($1,000,000.00),

iii.  Attorney's fees, costs and expenses as provided for by the applicable statutes; and,

iv.  Any other relief which this Court deems just and equitable.

Dated: December 10, 2007
Roslyn, New York

Respectfully submitted,

THE LAW FIRM OF
LOUIS GINSBERG, P.C.

By: _____
Louis Ginsberg (LG 1048)
1613 Northern Boulevard
Roslyn, New York 11576
(516) 625-0105
Attorneys for Plaintiff

EXHIBIT B

ABC PROCESS SERVICE INC.
Attorney:
LOUIS GINSBERG, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | | |
|---|---|---|
| JOSEPH DI GIOVANNA | | Index No ___07116437___ |
| | (PLAINTIFF) | |
| against | | Date Filed ___/ /___ |
| | | Office No LOG010555WB |
| BETH ISRAEL MEDICAL CENTER, ETAL; | (DEFENDANT) | |

STATE OF NEW YORK, COUNTY OF NEW YORK              SS:

SCHADRAC LAGUERRE       being duly sworn, deposes and says

that he is over the age of 18 years, not a party to the action, and resides in the State of New York:

That on the   10   day of   January     2008 at  2:50 PM ,  at

555 WEST 57TH ST, 18TH FLR;NY, NY 10019

he served the annexed  SUMMONS, COMPLAINT AND JURY TRIAL DEMANDED

upon CONTINUUM HEALTH PARTNERS, INC.

in this action, by delivering to and leaving with said  MS. M. ORTIZ, MANAGING AGENT

a true copy thereof.

Deponent describes person served as aforesaid to the best of deponents ability at the
time and circumstances of service as follows:

1. Sex _FEMALE_  .Color _BROWN_  Hair _BLACK_  app.age _40 YRS_  app.ht _5'8"_   app.wt _150 LBS_

DEPONENT FURTHER SAYS,  that   he knew the Corporation so served as aforesaid to be
the Corporation mentioned and described in the said   SUMMONS, COMPLAINT AND JURY TRIAL DEMANDED.

SWORN to before me this __16__

day of __January   2008__

                                          SCHADRAC LAGUERRE
                                          License No.: 1026852                    :bb

JAY BRODSKY
Notary Public, State of New York
No. 31-4649871
Qualified in New York County
Commission Expires Nov 2, 2011

NEW YORK
COUNTY CLERK'S OFFICE



ABC PROCESS SERVICE INC.
Attorney:
LOUIS GINSBERG, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOSEPH DI GIOVANNA

                                    (PLAINTIFF)

                against

BETH ISRAEL MEDICAL CENTER, ETAL;          (DEFENDANT)

Index No _____07116437_____

Date Filed ___12/11/2007___
Office No LOG010555WE

STATE OF NEW YORK, COUNTY OF NEW YORK                    SS:

SCHADRAC LAGUERRE      being duly sworn, deposes and says

that he is over the age of 18 years, not a party to the action, and resides in the State of New York:

That on the    10    day of  January        2008 at  2:50 PM ,  at

555 WEST 57TH ST, 18TH FLR;NY, NY 10019

he served the annexed  SUMMONS, COMPLAINT AND JURY TRIAL DEMANDED

upon BETH ISRAEL MEDICAL CENTER,

in this action, by delivering to and leaving with said  MS. M. ORTIZ, MANAGING AGENT

a true copy thereof.

Deponent describes person served as aforesaid to the best of deponents ability at the
time and circumstances of service as follows:

1. Sex FEMALE   Color BROWN  Hair BLACK  app.age 40 YRS  app.ht  5'8"    app.wt  150 LBS

DEPONENT FURTHER SAYS,  that   he knew the Corporation so served as aforesaid to be
the Corporation mentioned and described in the said  SUMMONS, COMPLAINT AND JURY TRIAL DEMANDED.

SWORN to before me this __16_

day of __January   2008_

                                    _____
                                    SCHADRAC LAGUERRE
                                    License No.:  102 953              :bb

JAY BRODSKY
Notary Public, State of New York
No. 31-6663271
Qualified in New York County
Commission Expires Feb. 7, 2011

NEW YORK
COUNTY CLERK'S OFFICE

JAN 22 2008

NOT COMPARED
WITH COPY FILE

UCS-840(REV 1/2000)

## REQUEST FOR JUDICIAL INTERVENTION

| SUPREME | NEW YORK | 07 116431/07 | 12/11/07 |
|---|---|---|---|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

| For Clerk Only |
|---|
| IAS entry date |
| Judge Assigned |
| RJI Date |

PLAINTIFF(S):  JOSEPH DI GIOVANNA

DEFENDANT(S):  BETH ISRAEL MEDICAL CENTER and CONTINUUM HEALTH PARTNERS, INC.

Date issue joined: 1/10/08  Bill of particulars served (Y/N):  [ ] Yes  [V] No

NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of readiness

[V] Notice of motion (return date: 3/21/08)
Relief sought default judgment

[ ] Order to show cause
(clerk enter return date:_____)
Relief sought_____

[ ] Other ex parte application (specify:
_____)

[ ] Notice of petition (return date:_____)
Relief sought _____

[ ] Notice of medical or dental malpractice action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify: _____
_____)

NATURE OF ACTION OR PROCEEDING (Check ONE box only)

MATRIMONIAL
[ ] Contested                                      -CM
[ ] Uncontested                                  -UM

COMMERCIAL
[ ] Contract                                        -CONT
[ ] Corporate                                      -CORP
[ ] Insurance (where insurer is a
party, except arbitration)                -INS
[ ] UCC (including sales, negotiable
instruments)                                  -UCC
[ ] *Other Commercial                       -OC
_____

REAL PROPERTY
[ ] Tax Certiorari                                -TAX
[ ] Foreclosure                                   -FOR
[ ] Condemnation                               -COND
[ ] Landlord/Tenant                            -LT
[ ] *Other Real Property                     -ORP
_____

OTHER MATTERS
[V] FMLA                                            -OTH
_____

TORTS

Malpractice
[ ] Medical/Pediatric                          -MM
[ ] Dental                                           -DM
[ ] *Other Professional                       -OPM

[ ] Motor Vehicle                               -MV
[ ] *Products Liability                         -PL

[ ] Environmental                              -EN
[ ] Asbestos                                       -ASB
[ ] Breast Implant                             -BI
[ ] *Other Negligence                        -OTN

[ ] *Other Tort (including
intentional)                                  -OT
_____

SPECIAL PROCEEDINGS
[ ] Art. 75 (Arbitration)                      -ART75
[ ] Art. 77 (Trusts)                            -ART77
[ ] Art. 78                                         -ART78
[ ] Election Law                                 -ELEC
[ ] Guardianship (MHL Art. 81)           -GUARD81
[ ] *Other Mental Hygiene                  -MHYG
[ ] *Other Special Proceeding             -OSP

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

|  | YES | NO |  |  |  | YES | NO |  |
|---|---|---|---|---|---|---|---|---|
| Municipality: | [ ] | [√] |  | Public Authority: | [ ] | [√] |  |
| (Specify) |  |  |  | (Specify) |  |  |  |

|  | YES | NO |  |
|---|---|---|---|
| Does this action/proceeding seek equitable relief? | [√] | [ ] |
| Does this action/proceeding seek recovery for personal injury? | [ ] | [√] |
| Does this action/proceeding seek recovery for property damage? | [ ] | [√] |

Pre-Note Time Frames:

(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

Expedited: 0-8 months    ☑ Standard: 9-12 months    ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

Has summons been served?    ☐ Yes, Date _____    ☐ No

Was a Notice of No Necessity filed?    ☐ Yes, Date _____    ☐ No

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep. * | Name | Address | Phone # |
|---|---|---|---|
| ☐ | The Law Firm of Louis Grinshpol, P.C. | 1613 Northern Blvd Roslyn, NY 11576 | (516) 625-0105 |
| ☐ |  |  |  |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep. * | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Edwards, Angell, Palmer + Dodge | 750 Lexington Ave NY, NY 10022 | (212) 912-2787 |
| ☐ |  |  |  |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIER(S):

UNKNOWN

RELATED CASES: (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|
|  |  |  |  |

NONE

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 3/5/08

_____
(SIGNATURE)

_____
(PRINT OR TYPE NAME)

ATTORNEY FOR PLAINTIFF

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOSEPH DI GIOVANNA,

               Plaintiff,

   -against-

BETH ISRAEL MEDICAL CENTER,
and CONTINUUM HEALTH PARTNERS, INC.

               Defendants.

---

## NOTICE OF MOTION

---

The Law Firm of Louis Ginsberg P.C.
1613 Northern Blvd.
Roslyn, NY 11576
(516) 625- 0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOSEPH DI GIOVANNA,

Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER and,
CONTINUUM HEALTH PARNTERS, INC.,

Defendants.

## REQUEST FOR JUDICIAL INTERVENTION

The Law Firm of Louis Ginsberg P.C.
1613 Northern Blvd.
Roslyn, NY 11576
(516) 625- 0105