EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM 1327)
Shari A. Alexander (SA 0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH DI GIOVANNA,

                Plaintiff,                              08 Civ. 02750 (LAK)

     -against-                                **ANSWER**

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,

                Defendants.
-----------------------------------------------------------X

        Defendant Beth Israel Medical Center ("BIMC") by its attorneys, Edwards Angell Palmer & Dodge LLP, answers the Complaint as follows:

        1.      Admits the allegations contained in paragraph 1 of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff was employed by Defendants for at least twelve (12) months and for at least 1,250 hours during the twelve (12) month period prior to his application for leave under the Family and Medical Leave Act ("FMLA") and refers to 29 U.S.C. § 2611(2)(A) for its contents.

        3.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that BIMC has more than fifty (50) employees and refers to 29 U.S.C. §2611(4)(A) for its contents.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Plaintiff began his employment with BIMC on or about July 5, 2005.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Allise Williams wrote a letter dated April 20, 2007, to Professor Edward J. Spiegel regarding Plaintiff and refers to that letter for its contents.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that during 2007, Plaintiff spoke with Kathy Dakis about his father's illness.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint except admits that in or about May 2007, Plaintiff spoke with Allise Williams about his father's illness.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Plaintiff completed an application for FMLA leave, dated May 15, 2007, and refers to that document for its contents.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, admits that Liberty Mutual Leave Services Team sent a letter to Plaintiff, dated June 13, 2007, and refers to that letter for its contents.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Allise Williams completed a written performance evaluation for Plaintiff dated April 20, 2007, and refers to that document for its contents.

12. Denies each and every allegation contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except denies that Allise Williams gave Karen Ferrel a hard time with her FMLA request.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that in or about September 2007, Plaintiff had to take a few days off because of his father's serious illness.

16. Denies each and ever allegation contained in paragraph 16 of the Complaint, except admits that, on October 29, 2007, Plaintiff was discharged from his employment with BIMC.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. With regard to paragraph 19 of the Complaint, repeats and realleges its responses to paragraphs 1-18 of the Complaint, as if each were fully set forth herein.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that BIMC knew or should have known of any alleged discriminatory treatment of the Plaintiff or that BIMC acquiesced in any alleged such treatment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, because BIMC exercised reasonable care to prevent and to correct promptly any discriminatory or retaliatory behavior by having anti-discrimination and anti-retaliation policies with a complaint procedure.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred, in whole or in part, because BIMC has policies prohibiting discrimination and retaliation, and procedures for investigating and preventing discrimination and retaliation, and Plaintiff unreasonably failed to take action,

pursuant to those policies and procedures or otherwise, to be free from discrimination or retaliation.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his alleged damages.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with the cost and disbursements of this action, reasonable attorneys' fees, and such further relief as the Court deems just and proper.

Dated: New York, New York
       March 21, 2008

                              Respectfully submitted,

                              EDWARDS ANGELL PALMER & DODGE LLP

                              By: _____
                                  Rory J. McEvoy (RM 1327)
                                  Shari A. Alexander (SA 0615)
                              Attorneys for Defendants
                              Beth Israel Medical Center
                              and Continuum Health Partners, Inc.
                              750 Lexington Avenue
                              New York, New York  10022
                              212.308.4411

5

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
JOSEPH DI GIOVANNA,                      :
                                         :
        Plaintiff,                       :   INDEX NO. 08 Civ. 02750 (LAK)
                                         :
    -against-                            :   **AFFIDAVIT OF SERVICE**
                                         :
BETH ISRAEL MEDICAL CENTER, and          :
CONTINUUM HEALTH PARTNERS, INC.,         :
                                         :
        Defendant.                       :
                                         :
---------------------------------------- X

Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 21st day of March 2008, she served a true copy of the foregoing ANSWER upon:

> Louis Ginsberg, Esq.
> The Law Firm of Louis Ginsberg, P.C.
> Attorneys for Plaintiff
> 1613 Northern Boulevard
> Roslyn, New York 11576

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of Federal Express, via overnight delivery, within the State of New York.

_____
Jean W. McLoughlin

Sworn to before me this
21st day of March 2008

_____
Notary Public

SHARI A. ALEXANDER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6144342
Qualified in New York County
My Commission Expires April 24, 20__