McEVOY DECL.

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH DI GIOVANNA,

                                Plaintiff,                    08 Civ. 02750 (LAK)


              -against-                          **DECLARATION OF**
                                                **RORY J. McEVOY**

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,

                                Defendants.
-----------------------------------------------------------X

            RORY J. McEVOY pursuant to 28 U.S.C. § 1746, declares under penalty of

perjury that the following is true and correct:

            1.        I am a member of the firm of Edwards Angell Palmer & Dodge LLP,

attorneys for Defendants Beth Israel Medical Center ("BIMC") and Continuum Health Partners,

Inc. ("Continuum"), and I am fully familiar with this proceeding as well as the specific matters

set forth herein. I make this declaration in support of Continuum's motion to dismiss the

Complaint against Continuum.

            2.        Attached as Exhibit 1 is a copy of the Complaint in the above-captioned

action, filed on December 10, 2007.

3. Attached as Exhibit 2 is a copy of a letter dated June 3, 2005, offering

employment to Plaintiff Joseph Di Giovanna as a Director for the Department of Patient

Accounts at Beth Israel Medical Center.

Dated: New York, New York
       March 21, 2008

Rory J. McEvoy (RM-1327)

EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------X
JOSEPH DI GIOVANNA,

                  Plaintiff,

-against-

               Index No.:
               Date Filed:

               COMPLAINT
               JURY TRIAL
               DEMANDED

BETH ISRAEL MEDICAL CENTER and
CONTINUUM HEALTH PARTNERS, INC.,

        Defendants.
--------------------------------------------------X

    Plaintiff, Joseph Di Giovanna, by his counsel, The Law Firm of Louis Ginsberg,

P.C., alleges for his complaint as follows:

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to the Family and Medical

Leave Act ("FMLA"), 29 U.S.C. §§2601 *et. seq.*

## PARTIES

2.    Plaintiff, Joseph Di Giovanna , resides at 66-45 73rd Place, Middle Village, NY

11379. Plaintiff is an "eligible employee" under 29 U.S.C. §2611(2)(A) in that he was

employed by Defendants for at least twelve (12) months and for at least 1,250 hours

during the twelve (12) month period prior to his leave.

3.    Defendants, Beth Israel Medical Center, and Continuum Health Partners, Inc.,

jointly employed Plaintiff.  They are employers under 29 U.S.C. § 2611(4)(A) in that

each is engaged in an industry affecting commerce and, upon information and belief,

each has had fifty (50) or more employees for each working day in each of twenty (20) or

more calendar weeks in the current or preceding calendar year. Defendants maintain several offices in New York City, including one at 170 East End Avenue at 87th Street, New York, NY 10128

## FACTS

4.      Plaintiff began his employment with Defendants on or about July 5, 2005. At all times herein, Plaintiff performed his job as the Director of Revenue Cycle Operations for Patient Accounts competently. In fact, Plaintiff received a pay raise in 2006 because of his good job performance.

5.      On or about April 20, 2007, Plaintiff's supervisor, Allise Williams, wrote a recommendation letter for Plaintiff. In the letter, which was sent to Professor Edward J. Spiegel of St. Joseph's College, Ms. Williams explained that Plaintiff had reported to her directly for the past one (1) year and eight (8) months and that Plaintiff had excellent leadership skills, excellent supervisory and management skills and had a solid knowledge base in his field. Ms. Williams stated:

> "Joseph has excellent leadership skills which allow him to solve problems and maintain departmental performance. During his time with us, Joseph has continually displayed excellent supervisory and management skills, led and presented at meeting and presentations. Joseph has a solid knowledge base in Revenue Cycle Operations, Continuous Quality Improvement, and as a departmental Director provides leadership in our recruitment efforts, and frequently leads various projects related to our organizational objectives and a Director affectively."

6.      During 2007, Plaintiff spoke twice with Kathy Dakis, a Vice-President, about his father's serious illness and about Plaintiff's intention of filing for FMLA leave time. Plaintiff's father had been diagnosed with cancer and Plaintiff needed to assist his

father with doctors appointments, medication, and other care related to his father's illness. On both occasions, Ms. Dakis tried to convince Plaintiff not to file an FMLA request for leave time.

7.     Subsequently, in or about early May, 2007, Plaintiff spoke with Ms. Williams about his father's illness and the fact that Plaintiff was going to file an FMLA request for time off. Ms. Williams also tried to discourage Plaintiff from filing his FMLA request.

8.     On or about May 17, 2007, Plaintiff requested FMLA leave.

9.     Plaintiff's father's condition qualified as a "serious medical condition" under 29 U.S.C. §2611(11)(B) and 29 C.F.R. §825.114(a)(3) in that it was an injury involving continuing treatment by a health care provider for a chronic or long-term health condition that was incurable or so serious that if not treated would likely result in a period of incapacity of more than three calendar days. In addition, Plaintiff was entitled to take intermittent time off under 29 U.S.C. § 2612 (b)(1) in order to help care for his father's serious medical condition.

10.    On or about June 13, 2007, Plaintiff received a letter from Liberty Mutual Leave Services Team (his insurer through work) informing Plaintiff that his request for intermittent leave under the FMLA had been approved from May 14, 2007 to May 12, 2008.

11.    Shortly thereafter, on or about July 2, 2007, Ms. Williams conducted an annual Performance Evaluation of Plaintiff's work. Although Ms. Williams indicated that Plaintiff met expectations in many categories, she also indicated that Plaintiff needed to make an "immediate improvement."

12.    Much of Ms. Williams' Performance Appraisal of Plaintiff was in contradiction
with the Letter of Recommendation she had written on his behalf less than two (2)
months before, prior to Plaintiff's filing for FMLA time off. The only change that
Plaintiff had made in that time was that he had filed for leave under the FMLA.

13.    Subsequently, a co-worker of Plaintiff's, Karen Ferrel, had approached Plaintiff
and had asked his advice regarding her own request for FMLA time off. Apparently, Ms.
Williams had also given Ms. Ferrel a hard time with her FMLA request.

14.    Similarly, Ms. Williams had tried to discourage Plaintiff from approving FMLA
requests from employees who reported to him in his role as Department Head.

15.    In or about September, 2007, Plaintiff's supervisor asked him to work additional
hours. During this time period, Plaintiff had to take a few days off because of his father's
serious illness.

16.    Shortly thereafter, on or about October 29, 2007, Plaintiff's employment was
terminated.

17.    Plaintiff was unlawfully fired because he exercised his rights under the FMLA.

18.    The conduct of Defendants and their agents violated Plaintiff's rights under the
FMLA.

## AS AND FOR PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF ACTION AGAINST DEFENDANTS PURSUANT TO THE FAMILY AND MEDICAL LEAVE ACT

19.     Plaintiff incorporates paragraphs 1-18 as if fully rewritten herein.

20.     By and through their course of conduct, Defendants and their agents willfully

violated 29 U.S.C. §§ 2612, 2614, and 2615 *et seq.* by denying Plaintiff leave, by

interfering with, restraining and/or denying the Plaintiff's exercise and attempted exercise

of his FMLA rights and by terminating Plaintiff's employment because he exercised his

FMLA rights, and opposed the interference with his rights and the rights of others.

21.     Other than this lawsuit, there is no other complaint pending with any

administrative agency or court regarding these events.

**WHEREFORE,** the Plaintiff prays that this Court;

      (a)     accepts jurisdiction over this matter;

      (b)     impanels and charges a jury with respect to the causes of action;

          and,

      (c)     awards the following damages jointly and severally against both the Defendants:

          i.     Back pay, front pay, and all benefits along with pre and post judgment interest in the amount of one million dollars ($1,000,000.00);

          ii.    Liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments in the amount of one million dollars ($1,000,000.00),

FEB-19-2008  17:50        LEGAL AFFAIRS

212 523 5234    P.11

          iii.    Attorney's fees, costs and expenses as provided for by the applicable statutes; and,

          iv.    Any other relief which this Court deems just and equitable.

Dated: December 10, 2007
Roslyn, New York

Respectfully submitted,

THE LAW FIRM OF
LOUIS GINSBERG, P.C.

By:

Louis Ginsberg (LG 1048)
1613 Northern Boulevard
Roslyn, New York 11576
(516) 625-0105
Attorneys for Plaintiff

EXHIBIT 2



**Continuum Services**
**Human Resources**
555 West 57th Street, 19th Floor
New York, NY 10019

WeHealNewYork.org

June 3, 2005

Joseph Di Giovanna
6645 73rd Place
Middle Village, NY 11379

**FILE COPY**

Dear Mr. Di Giovanna,

I am pleased to confirm our offer of employment as a Director for the Department of Patient Accounts for Beth Israel Medical Center. This position reports to Allise Williams, Assistant Vice President Revenue Cycle Operations/Patient Accounts. Your annual compensation for this position will be $105,000. As discussed, your first day of employment will be Tuesday, July 5, 2005. This offer is contingent upon you taking and passing, with a negative result, a standard urine toxicology screen. The screening is for illicit drugs and drugs of abuse, including amphetamines, cocaine, marijuana, opiates, and phencyclidine. The offer is also contingent on confirmation, by means of a background check, of the accuracy and completeness of the information you provided as part of the employment application process.

You are required to take the toxicology screening within **5 business days from the date of this letter.** Enclosed is a Chain of Custody form which you **MUST** bring with you to one of the approved Laboratories (see attached list). You will also need to bring with you a government issued form of picture identification. You **MUST** be able to be reached three business days after you provide the specimen. If you will not be available at the contact numbers you provided on your Authorization Form it is your responsibility to contact your recruiter on that date. Failure to do so may result in withdrawal of the employment offer.

On Monday, July 11, 2005, please report to Phillips Ambulatory Care Center located at 10 Union Square East at 14th Street, 2nd Floor Auditorium, from 9:00 A.M. to 5:00 P.M. for New Employee Orientation.

On Tuesday, July 5, 2005, at 9:30 a.m. please report to the Human Resources Department located at 215 Park Ave South, 5th floor, for Benefit Orientation.

In addition to the requirements stated above, our offer of employment is contingent upon satisfactory completion of a pre-employment medical examination, reference checks, verification of academic credentials, proof of professional registration/licensure/certification (if applicable), and the presentation of acceptable documents to establish that you are authorized to work in the United States, as required by the Immigration Reform and Control Act.

**Continuum** Health Partners, Inc.

    

Should you have any questions or concerns, please do not hesitate to call me at (212) 523-4131. We look forward to working with you as a member of our team. I would like to extend our best wishes for a successful career with Beth Israel Medical Center-Petrie Division.

Sincerely,

Stephanie Thompson
Sr. Recruiter
Corporate Human Resources

Cc: Allise Williams
    Personnel File

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X

JOSEPH DI GIOVANNA,                        :

        Plaintiff,                     :
                                  08 Civ. 02750 (LAK)

        -against-                      :
                                  **AFFIDAVIT OF SERVICE**

BETH ISRAEL MEDICAL CENTER, and            :
CONTINUUM HEALTH PARTNERS, INC.,

        Defendant.                     :

---------------------------------- X

    Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of
eighteen; is not a party to this action; and that on the 21st day of March 2008, she served a true
copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
CONTINUUM HEALTH PARTNER, INC.'S MOTION TO DISMISS, and NOTICE OF
MOTION with accompanying declarations and exhibits annexed thereto upon:

Louis Ginsberg, Esq.<br>
The Law Firm of Louis Ginsberg, P.C.<br>
Attorneys for Plaintiff<br>
1613 Northern Boulevard<br>
Roslyn, New York 11576

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly
addressed to the above-named party, in an official depository under the exclusive care and
custody of Federal Express, via overnight delivery, within the State of New York.

                                        Jean W. McLoughlin

Sworn to before me this
21st day of March 2008

*Shari Alexander*
    Notary Public
    SHARI A. ALEXANDER
NOTARY PUBLIC-STATE OF NEW YORK
    No. 02AL6144342
  Qualified In New York County
My Commission Expires April 24, 2010