UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH DI GIOVANNA,

                Plaintiff,                08 Civ. 02750 (LAK)

    -against-

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,

                Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CONTINUUM HEALTH PARTNERS, INC.'S MOTION TO DISMISS

EDWARDS ANGELL
PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

## PRELIMINARY STATEMENT

On or about December 10, 2007, Plaintiff Joseph Di Giovanna ("Di Giovanna" or "Plaintiff"), a former Director for the Department of Patient Accounts for Beth Israel Medical Center ("BIMC"), filed a Summons and Complaint with the Supreme Court of the State of New York, County of New York (the "State Court Action"), alleging that BIMC and Continuum violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq., "by denying Plaintiff leave, by interfering with, restraining and/or denying the Plaintiff's exercise and attempted exercise of his FMLA rights and by terminating Plaintiff's employment because he exercised his FMLA rights, and opposed the interference with his rights and the rights of others" (Compl. ¶ 3). In his Complaint, Di Giovanna also alleges that he was "jointly employed" by BIMC and Continuum Health Partners, Inc. ("Continuum") (collectively, the "Defendants") (Compl. ¶ 3) and that Defendants "are employers under 29 U.S.C. § 2611(4)(A) in that each is engaged in an industry affecting commerce and, upon information and belief, each has fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year."[1]

Di Giovanna's claim against Continuum should be dismissed because Di Giovanna was employed solely by BIMC and was never employed by Continuum. Di Giovanna's offer letter specifically stated that Di Giovanna was offered employment as a Director for the Department of

---

[1] Although Di Giovanna claims to have served the Complaint on BIMC and Continuum on January 10, 2008, the purported service of the Complaint on BIMC and Continuum was improper because the Complaint was not served on BIMC's agent designated to accept service of process or on Continuum's agent designated to accept service of process. BIMC and Continuum did not receive the Summons and Complaint until February 19, 2008, when Plaintiff's counsel faxed copies of the Summons and Complaint to in-house counsel. On March 5, 2008, Plaintiff served a Motion for a Default Judgment in the Supreme Court of the State of New York, County of New York. On March 7, 2008, Plaintiff served an Amended Motion for a Default Judgment. Defendants timely removed the State Court Action to this Court on March 14, 2008. A copy of the Summons and Complaint is attached as Exhibit 1 to the Declaration of Rory J. McEvoy, sworn to on March 21, 2008.

Patient Accounts for BIMC. (McEvoy Decl. ¶ 3, Ex. 2.)[2] Nowhere did this letter state that Di Giovanna was offered a position with Continuum, nor has Di Giovanna ever been an employee of Continuum. (McEvoy Decl. ¶ 3, Ex. 2; Meyer Decl. ¶ 5.) In any event, Continuum does not have the requisite number of employees to be covered by the FMLA. Continuum has only two employees, far less than the fifty employees necessary to be a covered "employer" under the FMLA. (Meyer Decl. ¶¶ 2-4.) As a result, Di Giovanna's FMLA claim against Continuum must be dismissed.

## ARGUMENT

### CONTINUUM'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFF WAS NEVER EMPLOYED BY CONTINUUM AND, IN ANY EVENT, CONTINUUM IS NOT AN EMPLOYER UNDER THE FMLA

The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise any of the rights conferred by the statute. 29 U.S.C. § 2615(a)(1). Employers may not discharge or discriminate against an employee who is exercising or attempting to exercise these rights. 29 U.S.C. § 2615(a)(2). To state a valid claim under the FMLA, Di Giovanna must plead facts showing that (1) he is an "eligible employee" under the FMLA, as defined in 29 U.S.C. § 2611(2); (2) Continuum is an employer under the FMLA, as defined in 29 U.S.C. § 2611(4); (3) he was entitled to leave under the FMLA, as defined in 29 U.S.C. § 2612(a)(1); and (4) he gave notice to Continuum of his intention to take leave, as defined in U.S.C. § 2612(e)(1), 29 CFR § 825.303. *Vicioso v. Pisa Bros., Inc.*, No. 98 Civ. 2027 (RWS), 1998 WL 355415, AT *2 (S.D.N.Y. July 1, 1998); *Baber v. Runyon*, No. 97 CIV. 4798 (DLC), 1998 WL 912065, at *8 (S.D.N.Y. Dec 30, 1998).

---

[2] References to "McEvoy Decl." are to the Declaration of Rory J. McEvoy, Esq. sworn to on March 21, 2008. References to "Meyer Decl." are to the Declaration of Kathryn Meyer, Esq. sworn to on March 19, 2008.

2

Di Giovanna's claim against Continuum should be dismissed because Continuum was not Di Giovanna's employer and because Continuum is not an employer under the FMLA. As Plaintiff's offer letter and the Meyer Declaration establish, Plaintiff was solely an employee of BIMC and was never employed by Continuum. Accordingly, Plaintiff was never employed by Continuum as he alleges in the Complaint, *see* ¶ 2, and, for this reason, he may not assert a claim under the FMLA against Continuum.

In any event, the FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). *Vicioso*, 1998 WL 355415, AT *2. As shown above, Continuum does not have the requisite number of employees to be considered an "employer" under the FMLA.

## CONCLUSION

For the foregoing reasons, Continuum's motion to dismiss should be granted and the Complaint against Continuum should be dismissed with prejudice.

Dated: March 21, 2008
       New York, New York

                                        EDWARDS ANGELL PALMER & DODGE LLP

                                        By: _____
                                        Rory J. McEvoy (RM-1327)
                                        Shari A. Alexander (SA-0615)
                                        Attorneys for Defendants
                                        Beth Israel Medical Center
                                        and Continuum Health Partners, Inc.
                                        750 Lexington Avenue
                                        New York, New York 10022
                                        212.308.4411

3

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
JOSEPH DI GIOVANNA,                   :

       Plaintiff,                     :
                                                     08 Civ. 02750 (LAK)
    -against-                        :
                                                     **AFFIDAVIT OF SERVICE**

BETH ISRAEL MEDICAL CENTER, and       :
CONTINUUM HEALTH PARTNERS, INC.,
                                               :

       Defendant.                     :
------------------------------------- X

      Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 21st day of March 2008, she served a true copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CONTINUUM HEALTH PARTNER, INC.'S MOTION TO DISMISS, and NOTICE OF MOTION with accompanying declarations and exhibits annexed thereto upon:

                    Louis Ginsberg, Esq.
                The Law Firm of Louis Ginsberg, P.C.
                   Attorneys for Plaintiff
                   1613 Northern Boulevard
                   Roslyn, New York 11576

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of Federal Express, via overnight delivery, within the State of New York.

                                                          Jean W. McLoughlin

Sworn to before me this
21st day of March 2008

_Shari Alexander_
Notary Public
SHARI A. ALEXANDER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6144342
Qualified in New York County
My Commission Expires April 24, 2010