UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSEPH DI GIOVANNA,

                Plaintiff,

-against-                                                                                 08 Civ. 2750 (LAK)

BETH ISRAEL MEDICAL CENTER and CONTINUUM
HEALTH PARTNERS, INC.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/08

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        This action was brought in state court under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and removed by defendants. Defendant Continuum Health Partners, Inc. ("CHP") moves to dismiss pursuant to Fed. R. Civ. P. 12. It asserts in affidavits filed in support of the motion that, contrary to the allegations of the complaint, plaintiff was never employed by CHP and that CHP is not an "employer" within the meaning of the FMLA because it does not have the requisite number of employees.

        A motion to dismiss pursuant to Rule 12(b)(6) ordinarily confines itself to the sufficiency of the factual allegations of the complaint. Indeed, there is no suggestion here that the complaint is not sufficient. Rather, CHP asks the Court to dismiss on the basis of materials outside the four corners of the complaint that, in its view, demonstrate that the allegations are incorrect.

        The Court has discretion under Rule 12(b) to consider matters outside the complaint on a Rule12(b)(6) motion, after affording notice to all parties that it will do so, and thus to convert the motion into one for summary judgment. But it is not obliged to do so.

        This case is at its initial stage. The question whether CHP, as plaintiff claims, employed him jointly with Beth Israel may prove to be a fact intensive question. So too the question whether CHP in law should be treated as the employer of all of Beth Israel's employees. Moreover, the affidavit of Kathryn Meyer, Esq., CHP's executive vice president of corporate affairs and general counsel, raises more questions than it answers.

It first asserts that CHP has only two employees, the chief executive officer ("CEO") and the CEO's secretary. Thus, it implicitly represents that Ms. Meyer herself – despite being the executive vice president and general counsel of CHP – is not employed by it. While this is conceivable, it certainly requires some explanation. This is especially so in view of the fact that CHP's web site currently is advertising several employment opportunities under the heading "Continuum Services," including one for a media relations manager in "[t]he Public Affairs Department at Continuum Health Partners in New York City, the parent company for a four-hospital healthcare system" and speaks elsewhere about how CHP "care[s] for [its] employees," a reference doubtless to persons other than the CEO and his secretary. Moreover, even if the assertion that CHP has only two employees is correct, that fact would raise still more questions about the true nature of the relationship between CHP and whatever entity employs Ms. Meyer, who presumably is not serving in her position purely out of eleemosynary impulses.

Likewise, Ms. Meyer claims that CHP "has no assets" although it is the "parent" of and receives contributions from several hospitals. A "parent" corporation typically is so regarded because it owns at least a majority of the common stock of one or more subsidiary corporations. The shares of stock in the subsidiaries are assets of the parent. Even assuming that the hospitals of which CHP claims to be the "parent" are not-for-profit corporations, the nature of CHP's interests in them is undefined on this record, and the question whether such interests are "assets" of CHP has not even been approached. In any case, it would appear that any contractual right on the part of CHP to receive "contributions" from the subsidiary hospitals would be an "asset."

In short, CHP's disclosure here leaves a great deal to be desired. Given the skepticism that this presentation inspires and the early stage of this matter, I decline to convert the motion into one for summary judgment dismissing the complaint. As CHP does not dispute the facial sufficiency of the complaint, its motion to dismiss is denied.

SO ORDERED.

Dated:      March 27, 2008

_____
Lewis A. Kaplan
United States District Judge