EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM 1327)
Shari A. Alexander (SA 0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH DI GIOVANNA,

                Plaintiff,                            08 Civ. 02750 (LAK)

      -against-                                **ANSWER**

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,

                Defendants.
-----------------------------------------------------------X

        Defendant Continuum Health Partners, Inc. ("Continuum") by its attorneys, Edwards Angell Palmer & Dodge LLP, answers the Complaint as follows:

        1.     Admits the allegations contained in paragraph 1 of the Complaint.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except denies that Plaintiff was ever employed by Continuum and further denies that Continuum is an eligible employer as defined in the Family and Medical Leave Act ("FMLA"), and admits, upon information and belief, that Plaintiff was employed by Beth Israel Medical Center ("BIMC") and refers to 29 U.S.C. § 2611(2)(A) for its contents.

3. Denies each and every allegation contained in paragraph 3 of the Complaint, except admits, upon information and belief, that Plaintiff was employed by BIMC and refers to 29 U.S.C. § 2611(4)(A) for its contents.

4. Denies each and every allegation contained in paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff performed his job at BIMC competently or whether he received a pay raise from BIMC in 2006.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except denies, upon information and belief, that Ms. Dakis tried to convince Plaintiff not to submit a request for FMLA leave.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except denies, upon information and belief, that Ms. Williams tried to discourage Plaintiff from applying for FMLA leave.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except denies, upon information and belief, that Ms. Williams gave Ms. Ferrel a hard time with her FMLA request.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except denies, upon information and belief, that Ms. Williams tried to discourage Plaintiff from approving FMLA requests from employees who reported to him.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint regarding Plaintiff's termination by BIMC, except denies that Continuum discharged Plaintiff because Plaintiff never worked for Continuum.

17. Upon information and belief, denies each and every allegation contained in paragraph 17 of the Complaint to the extent that they refer to BIMC, except denies each and every allegation contained in paragraph 17 of the Complaint to the extent that they refer to Continuum.

18. Upon information and belief, denies each and every allegation contained in paragraph 18 of the Complaint to the extent that they refer to BIMC, except denies each and every allegation contained in paragraph 18 of the Complaint to the extent that they refer to Continuum.

19. With regard to paragraph 19 of the Complaint, repeats and realleges its responses to paragraphs 1-18 of the Complaint, as if each were fully set forth herein.

20. Upon information and belief, denies each and every allegation contained in paragraph 20 of the Complaint to the extent that they refer to BIMC, except denies each and ever allegation contained in paragraph 20 of the Complaint to the extent that they refer to Continuum.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. Assuming *arguendo* that Plaintiff was employed by Continuum, Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Continuum knew or should have known of any alleged discriminatory treatment of the Plaintiff or that Continuum acquiesced in any alleged such treatment.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Assuming *arguendo* that Plaintiff was employed by Continuum, Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his alleged damages.

WHEREFORE, Continuum demands judgment dismissing the Complaint with prejudice, together with the cost and disbursements of this action, reasonable attorneys' fees, and such further relief as the Court deems just and proper.

Dated: New York, New York
      April 2, 2008

                        Respectfully submitted,

                        EDWARDS ANGELL PALMER & DODGE LLP

                        By: _____
                            Rory J. McEvoy (RM 1327)
                            Shari A. Alexander (SA 0615)
                        Attorneys for Defendants
                        Beth Israel Medical Center
                        and Continuum Health Partners, Inc.
                        750 Lexington Avenue
                        New York, New York  10022
                        212.308.4411

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
JOSEPH DI GIOVANNA,

        Plaintiff,

    -against-

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,

        Defendant.
------------------------------------ X

INDEX NO. 08 Civ. 02750 (LAK)

**AFFIDAVIT OF SERVICE**

Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 2nd day of April 2008, she served a true copy of the foregoing ANSWER upon:

        Louis Ginsberg, Esq.
     The Law Firm of Louis Ginsberg, P.C.
         Attorneys for Plaintiff
        1613 Northern Boulevard
        Roslyn, New York 11576

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

                                      Jean W. McLoughlin

Sworn to before me this
2nd day of April 2008

_____
Notary Public

SHARI A. ALEXANDER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6144342
Qualified in New York County
My Commission Expires April 24, 2010