UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

JOSEPH DI GIOVANNA,

                  Plaintiff,                08 Civ. 02750 (LAK)

        -against-

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,

                        Defendants.

-----------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
## TO PLAINTIFF'S MOTION TO REMAND

.

EDWARDS ANGELL
PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

FACTS ......................................................................................................................................... 2

A.  In January 2008, No One Working At 555 West 57th Street On The 18th Floor
    Who Could Possibly Be A Managing Agent Was Named M. Ortiz And, In Fact,
    No One Named M. Ortiz Worked At That Location In Any Capacity.............................. 2

B.  Plaintiff Failed To Properly Serve The Summons And Complaint On BIMC
    And Continuum.................................................................................................................. 3

ARGUMENT ............................................................................................................................... 4

PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE THE
ALLEGED SERVICE OF THE SUMMONS AND COMPLAINT WAS IMPROPER ............... 4

A.  Applicable Legal Standard................................................................................................ 4

B.  Plaintiff's Alleged Service Of The Summons And Complaint Was Improper
    Because He Did Not Serve A Managing Agent Of BIMC Or Continuum......................... 5

CONCLUSION............................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Barnhart v. Federated Dept. Stores, Inc., et al.*, No. 04 Civ. 3668 (JGK),
2005 WL 549712 (S.D.N.Y. Mar. 8, 2005)...............................................................................................5

*BJKN Enters., Inc. v. Roxanda A.S.*, No. CV-87-4189 (TCP), 1988 WL 138268
(E.D.N.Y. Oct. 18, 1988)................................................................................................................. 6-7

*Colbert v. Int'l Sec. Bureau Inc.*, 79 A.D.2d 448, 437 N.Y.S.2d 360 (2d Dep't 1981)..................6

*Glatzer v. Hanley*, No. 06 Civ. 15347 (DC), 2007 WL 1334971 (S.D.N.Y. May 8, 2007)............5

*Heavy Construction Lumber, Inc. v. Local 1205, Int'l Brotherhood of Teamsters*,
No. 00 CV 6659 (JG), 2001 WL 477229 (E.D.N.Y. Feb. 12, 2001)........................................... 4-5

*Isaf v. Penn. R.R. Co.*, 32 A.D.2d 578, 299 N.Y.S.2d 231 (3d Dep't 1969) ...................................6

*Jiao v. First. Int'l Travel, Inc.*, No. 03 Civ. 0165 (DF), 2004 WL 1737715
(S.D.N.Y. Aug. 4, 2002)........................................................................................................................6

*Kwan v. Schlein,* 441 F. Supp.2d 491 (S.D.N.Y. 2006) ...................................................................6

*Leo v. Gen. Elec. Co.*, 111 F.R.D. 407 (E.D.N.Y. 1986) ............................................................6, 7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322 (1999)...........5

*Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104 (E.D.N.Y. 1995) .................................6, 7

*Zen Music, Inc. v. CVS Corp.*, No. 98 CIV. 4246 (DLC), 1998 WL 912102
(S.D.N.Y. Dec. 30, 1998) .....................................................................................................................6

## **Statutes**

28 U.S.C. § 1446(b)...............................................................................................................................5

CPLR § 311(a)(1) ...................................................................................................................................6

F.R.C.P. 4(h)(1) ......................................................................................................................................6

## PRELIMINARY STATEMENT

Plaintiff Joseph Di Giovanna ("Di Giovanna" or "Plaintiff"), a former Director in the Department of Patient Accounts at Beth Israel Medical Center ("BIMC" or the "Hospital"), was discharged by the Hospital in October 2007 for poor performance. Nevertheless, in December 2007, Plaintiff commenced an action in the Supreme Court of the State of New York, County of New York against BIMC and Continuum Health Partners, Inc. ("Continuum"). In the sole cause of action contained in his Complaint, Plaintiff alleges that BIMC and Continuum violated the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*, by discharging him because he exercised his rights under the FMLA.

On March 14, 2008, Defendants removed the action to this Court. The Notice of Removal was timely because it was filed within thirty days of Defendants' receipt of the Summons and Complaint, on February 19, 2008, by facsimile from Plaintiff's counsel. On April 4, 2008, Plaintiff moved to remand the case to state court on the grounds that, on January 10, 2008, the Summons and Complaint was served on Defendants by personal service on their managing agent, Ms. M. Ortiz, at 555 West 57th Street, 18th Floor, New York, New York.

Plaintiff's motion to remand should be denied because the alleged service of the Summons and Complaint on BIMC and Continuum was improper, assuming it occurred at all. During the month of January 2008, none of the individuals who were working on the 18th Floor at 555 West 57th Street, and who could possibly be considered to be a managing agent under applicable New York law, were named "M. Ortiz." In addition, during January 2008, no one named M. Ortiz worked at that location in any capacity. Finally, although Plaintiff's affidavits of service identify M. Ortiz's job title as "managing agent," no such position exists at either BIMC or Continuum.

## FACTS

**A.    In January 2008, No One Working At 555 West 57th Street On The 18th
       Floor Who Could Possibly Be A Managing Agent Was Named M. Ortiz And,
       In Fact, No One Named M. Ortiz Worked At That Location In Any Capacity**

Continuum is a holding company primarily created for the purpose of serving as the

parent of several hospitals, including BIMC, St. Lukes/Roosevelt Hospital Center ("SLRHC")

and Long Island College Hospital ("LICH"). (Tinti Dec. ¶ 2.)[1] A number of Departments that

provide services to Continuum, BIMC, SLRHC and LICH are located on the 18th Floor at 555

West 57th Street in Manhattan: the Department of Public Affairs, Marketing and Development;

the Department of Training and Organizational Development; the Internal Audit Department and

the Legal Department. (Tinti Dec. ¶¶ 2, 3.) In addition, Michelle Leone, Senior Vice President

for Revenue Cycle Operations has her office on the 18th floor. (Tinti Dec. ¶ 3.)

In the Department of Public Affairs, Marketing and Development, the following

individuals have their offices at 555 West 57th Street, 18th floor,: Kathleen McGovern-Kearns,

Senior Vice President; Patricia Balsamini, Vice President of Development; Terry Cavanaugh,

Corporate Director of Marketing; and Jim Mandler, Assistant Vice President of Public Affairs.

(Tinti Dec. ¶ 4.) In the Department of Training and Organizational Development, Karen

Barrowclough, Director, has her office at 555 West 57th Street, 18th floor. (Tinti Dec. ¶ 5.) The

Assistant Vice President of the Internal Audit Department, Caroline Malvasio, is located at 555

West 57th Street, 18th floor. (Tinti Dec. ¶ 6.)

The Legal Department is headed by Kathryn Meyer, Executive Vice President of

Corporate Affairs and General Counsel. (Tinti Dec. ¶ 7.) The Legal Department is staffed with

the following attorneys: David Engel, Deputy General Counsel; Louis Schenkel, Assistant

---

[1] References to "Tinti Dec." are to the Declaration of Francesca Tinti, sworn to on April 18, 2008. References to
"McEvoy Dec." are to the Declaration of Rory J. McEvoy, Esq., sworn to on April 18, 2008. References to
"Ginsberg Dec." are to the Declaration of Louis Ginsberg, Esq., sworn to on April 2, 2008.

2

General Counsel and Corporate Compliance Officer; Jill Clayton, Vice President for Legal

Affairs and Deputy General Counsel; Mary Hilgeman, Associate General Counsel; Deborah

Korzenik, Associate General Counsel; and Nina Brodsky, Assistant General Counsel. *Id.* All of

these individuals are located at 555 West 57th Street, 18th floor. *Id.*

As discussed more fully below, none of the individuals working in any of these

Departments in any capacity was named M. Ortiz. (Tinti Dec. ¶ 8-9, Ex. 1.)

## B.    Plaintiff Failed To Properly Serve The Summons
##       And Complaint On BIMC And Continuum

In his motion papers, Plaintiff claims that he served BIMC and Continuum on January 10,

2008 by personal service on their managing agent, Ms. M. Ortiz at 555 West 57th Street, 18th

Floor, New York, New York 10019. (Ginsberg Dec. ¶ 4, Ex. A.) Even assuming for purposes

of this motion that some or all of the individuals listed above could be found to be managing

agents of BIMC or Continuum, none is named M. Ortiz.

In fact, during January 2008, there was no M. Ortiz working on the 18th floor at 555

West 57th Street in any capacity. (Tinti Dec. ¶ 8-9, Ex. 1). According to the Hospital's Human

Resources Information System ("HRIS"), during that month, there were only six employees –

three at BIMC, two at SLRHC and one at LICH – with the name (or a variation of the name)

Ortiz who had the first initial M. *Id.*

Margarita Pabon Ortiz was employed by BIMC as Director, Professional Billing Client

Services. Her work location was 160 Water Street, New York, New York. Michele Ortiz

Andino was employed by BIMC as a Social Worker. Her work site was at the Petrie Division

which is located 1st Avenue at 16th Street, New York, New York. Myrna Socoro Ortiz

Rodriguez, another BIMC employee, worked as an Environmental Service Worker. This

employee's job site was also at the Petrie Division. (Tinti Dec. ¶ 8-9, Ex. 1.)

At SLRHC, Mario Ortiz was employed at Roosevelt Hospital as a Food & Nutrition Aide. He worked at 1000 10th Avenue, New York, New York. Marlene Ortiz was employed by SLRHC at Roosevelt Hospital as a Lab Clerk in the Pathology Department. Like Mr. Ortiz, she worked at 1000 10th Avenue. At LICH, Myra Ortiz was employed as a Patient Transporter. Her work site was 339 Hicks Street, Brooklyn, New York. (Tinti Dec. ¶ 8-9, Ex. 1.)

None of these employees' work location was at 555 West 57th Street on the 18th Floor. *Id.* Nor did any of these individuals hold the job title "managing agent." (Tinti Dec. ¶ 8-9, Ex. 1.) In fact, the job title "managing agent" does not exist at Continuum, BIMC, SLRHC or LICH. *Id.*

BIMC and Continuum did not receive a copy of the Summons and Complaint until February 19, 2008, when Plaintiff's counsel faxed copies to the Legal Department. (McEvoy Dec. ¶ 2, Ex. 1.) Within thirty days of that date, BIMC and Continuum timely removed the case to this Court, on March 14, 2008. *Id.*

## ARGUMENT

## PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE THE ALLEGED SERVICE OF THE SUMMONS AND COMPLAINT WAS IMPROPER

### A. Applicable Legal Standard

Removal to federal district court requires the filing of a notice of removal of a civil action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceedings is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served upon the defendant, whichever period is shorter." *Heavy Construction Lumber, Inc. v. Local 1205, Int'l Brotherhood*

4

*of Teamsters*, No. 00 CV 6659 (JG), 2001 WL 477229, at \*2, (E.D.N.Y. Feb. 12, 2001); 28

U.S.C. § 1446(b). "Proper service must be effected before the 30 days for removal are triggered

despite the fact that §1446(b) on its face contemplates receipt of the complaint 'through service

or otherwise'." *Id.* at \*3 (citation omitted); *see also Murphy Bros., Inc. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344, 352-53, 119 S. Ct. 1322, 1328 (1999) ("Nothing in the legislative

history... so much as hints that Congress, in making changes to accommodate atypical state

commencement and complaint filing procedures intended to dispense with the historic function

of service of process as the official trigger for responsive action by an individual or entity named

defendant.").[2] In cases with multiple defendants, the thirty-day removal period is measured from

the date that service is made on the last defendant to be served. *See Glatzer v. Hanley*, No. 06

Civ. 15347 (DC), 2007 WL 1334971, at \*3 (S.D.N.Y. May 8, 2007) ("applying the last-served

defendant rule ... the removal petition was timely filed"); *Barnhart v. Federated Dep't Stores,*

*Inc., et al.*, No. 04 Civ. 3668 (JGK), 2005 WL 549712, at \*6 (S.D.N.Y. Mar. 8, 2005) (applying

the last-served defendant rule).

## B.  Plaintiff's Alleged Service Of The Summons And Complaint Was Improper Because He Did Not Serve A Managing Agent Of BIMC Or Continuum

The motion to remand should be denied because Plaintiff did not serve BIMC or

Continuum, on January 10, 2008 (or at any other time), in a manner authorized by the New York

Civil Practice Law and Rules ("CPLR"). In order for personal service to be proper upon a

domestic or foreign corporation, personal service must "be made by delivering the summons...

---

[2] In *Murphy Brothers*, a courtesy copy of the Complaint was served first by facsimile and later by certified mail. The Supreme Court found that service by facsimile was insufficient to commence the 30-day removal period . The time to remove did not begin to run until proper service was made by certified mail. 526 U.S. at 347-48. Applying this rationale here, Plaintiff never properly served the Summons and Complaint on BIMC or Continuum because service by facsimile is not permissible and, for this reason, the time to remove never began to run. Nevertheless, once BIMC and Continuum received the Summons and Complaint by facsimile, they chose not to contest the adequacy of this method of service and, instead, removed the case within thirty days of receipt of the facsimile.

5

to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." CPLR § 311(a)(1).[3]

A managing agent is "some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent ...., who acts in an inferior capacity and under the direction and control of a superior authority, both in regard to the extent of his duty and the manner of executing it." *Jiao*, 2004 WL 1737715, at *4 (citation omitted); *see also Colbert v. Int'l Sec. Bureau, Inc.*, 79 A.D.2d 448, 452-53, 437 N.Y.S.2d 360, 363-64 (2d Dep't 1981); *Isaf v. Penn. R.R. Co.*, 32 A.D.2d 578, 579, 299 N.Y.S.2d 231, 233 (3d Dep't 1969).

Applying this standard, Courts have found that a director of customer services, a part-time receptionist, a salesperson, a pharmacy store manager and a secretary administrator are not managing agents. *See Kwan v. Schlein,* 441 F. Supp.2d 491, 496 (S.D.N.Y. 2006) (finding that plaintiff failed to show that director of customer services was a managing agent for service of process); *Jiao*, 2004 WL 1737715, at *4 (finding that a part-time receptionist and salesperson were not managing agents); *Zen Music, Inc. v. CVS Corp.*, No. 98 CIV. 4246 (DLC), 1998 WL 912102, at *4 (S.D.N.Y. Dec. 30, 1998) (holding that a store manager of a CVS pharmacy was not a managing agent, nor authorized to accept service of process); *Leo v. Gen. Elec. Co.*, 111 F.R.D. 407, (E.D.N.Y. 1986) (secretary administrator not a managing agent). *Compare Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104, 106 (E.D.N.Y. 1995) (Comptroller was a managing agent for defendant corporation); *BJKN Enters., Inc. v. Roxanda A.S.*, No. CV-87-

---

[3] "Rule 4(h)(1) of the Federal Rules of Civil Procedure, which governs service of process upon domestic corporations, provides that service upon a domestic corporation may be effected pursuant to the law of the state in which the district court is located, 'or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...'" *Jiao v. First. Int'l Travel, Inc.*, No. 03 Civ. 0165 (DF), 2004 WL 1737715, at *4 (S.D.N.Y. Aug. 4, 2002); F.R.C.P. 4(h)(1).

6

4189 (TCP), 1988 WL 138268, at *5 (E.D.N.Y. Oct. 18, 1988) (shareholder of a corporation who acted as the sole negotiator of the terms of a stock purchase agreement was a managing agent for service of process); *Leo, supra* at 407 (manager of GE customer service branch was a managing agent).

In his motion to remand, Plaintiff claims that, on January 10, 2008, his process server personally served M. Ortiz at 555 West 57th Street, 18th Floor, New York, New York 10019 and that this service was proper under CPLR § 311(a)(1) because M. Ortiz is the managing agent of both BIMC and Continuum. (Ginsberg Dec. ¶ 4, Ex. A.) This claim lacks merit and service was improper because, as discussed above, none of the Senior and Executive Vice Presidents, Vice Presidents, Assistant Vice Presidents, Directors and in-house counsel, who hold positions arguably comparable to those found to be managing agents in *Nationwide Mut. Ins. Co., BJKN Enters., Inc.* and *Leo, supra,* is named M. Ortiz. Even assuming that one or more of these individuals was invested by BIMC or Continuum with general powers involving the exercise of judgment and discretion, Plaintiff did not serve the Summons and Complaint on any of them.

Any doubt that service was improper is dispelled by the fact that the HRIS shows that, during January 2008, (i) no one named M. Ortiz was working at 555 West 57th Street on the 18th Floor in any capacity; and (ii) no employee worked at that location with the job title of managing agent.

7

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's motion to remand because

service of the Summons and Complaint on Defendants was improper.

Dated: April 18, 2008
       New York, New York

EDWARDS ANGELL PALMER & DODGE LLP

By:
    Rory J. McEvoy (RM-1327)

8

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
JOSEPH DI GIOVANNA,                   :

            Plaintiff,                :
                                          08 Civ. 02750 (LAK)
       -against-                      :
                                          **AFFIDAVIT OF SERVICE**
BETH ISRAEL MEDICAL CENTER, and       :
CONTINUUM HEALTH PARTNERS, INC.,      :

            Defendant.                :

------------------------------------ X

        Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of
eighteen; is not a party to this action; and that on the 18th day of April 2008, she served a true
copy of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND, with accompanying declarations and exhibits annexed
thereto upon:

                    Louis Ginsberg, Esq.
            The Law Firm of Louis Ginsberg, P.C.
                  Attorneys for Plaintiff
                  1613 Northern Boulevard
                  Roslyn, New York 11576

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly
addressed to the above-named party, in an official depository under the exclusive care and
custody of the United States Postal Service, within the State of New York.

                                          Jean W. McLoughlin

Sworn to before me this
18th day of April 2008

Shari Alexander
Notary Public

SHARI A. ALEXANDER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6144342
Qualified in New York County
My Commission Expires April 24, 2010