EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH DI GIOVANNA,

                Plaintiff,                      08 Civ. 02750 (LAK)

        -against-                    **DECLARATION OF**
                                                                         **RORY J. McEVOY**

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,

                Defendants.
-----------------------------------------------------------X

        RORY J. McEVOY, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

        1.        I am a member of the firm of Edwards Angell Palmer & Dodge LLP, attorneys for Defendants Beth Israel Medical Center ("BIMC") and Continuum Health Partners, Inc. ("Continuum"), and I am fully familiar with this proceeding as well as the specific matters set forth herein. I make this declaration in opposition to Plaintiff's motion to remand.

        2.        Exhibit 1 hereto is a copy of a fax cover sheet and a cover letter, dated February 19, 2008, from Plaintiff's counsel addressed to BIMC and Continuum, Attn: Adrian Lucas, attaching a copy of the Complaint, filed on December 10, 2007.

Dated: April 18, 2008
       New York, New York

                                                                       RORY J. McEVOY (RM-1327)

Exhibit 1

## FAX TRANSMISSION

**THE LAW FIRM OF
LOUIS GINSBERG, P.C.**

1613 Northern Boulevard
ROSLYN, NEW YORK 11576

233 Broadway, Suite 2220
NEW YORK, NEW YORK, 10279

Practice Limited to Labor
and Employment Law

(516) 625-0105
(516) 625-0106 fax

(212) 406-3630
(212) 406-3574 fax

Please direct all communications to our Roslyn office

*************************************************************

Date:      2/19/2008

To:        Adrian Lucas

Fax:       (212) 523-3935

Re:        *Joseph Di Giovanna v. Beth Israel Medical Center, and Continuum Health Partners, Inc.*

Pages:     10 (Including Cover Page)

*************************************************************

From:      Amy Scheiner
*************************************************************

Ms. Lucas,
If there is any additional information you require, please do not hesitate to call me at (516) 625-0105 x.10.

*************************************************************
Please notify us immediately if not received properly at (516) 625-0105
*************************************************************

The information being transmitted by this facsimile message is being sent by or on behalf of a lawyer; it is intended for the exclusive use of the addressee named above and may constitute information that is privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee or an employee or agent responsible for delivering this message to the named addressee, you are not authorized to retain, read, copy or disseminate this message or any part of it. If you have received this facsimile message in error, please notify us immediately by telephone and return original facsimile to us by mail. Thank you.

1613 NORTHERN BOULEVARD  
ROSLYN, NEW YORK 11576  
(516) 625-0105 (TEL.)  
(516) 625-0106 (FAX)  
lg@louisginsberglawoffices.com (E-MAIL)

233 BROADWAY – SUITE 2220  
NEW YORK, NEW YORK 10279  
(212) 406-3610 (TEL.)  
(212) 406-3574 (FAX)  
lg@louisginsberglawoffices.com (E-MAIL)

PRACTICE LIMITED  
TO LABOR  
EMPLOYMENT LAW

Please direct all communications to our Roslyn office

# LAW FIRM OF LOUIS GINSBERG, P.C.

February 19, 2008

**VIA FACSIMILE and REGULAR MAIL**

Beth Israel Medical Center and  
Continuum Health Partners, Inc.  
Attn: Adrian Lucas  
555 West 57th Street, 18th Floor  
New York, NY 10019

Re: *Di Giovanna v. Beth Israel Medical Center, et. al.*

Dear Ms. Lucas:

Pursuant to our telephone conversation of this afternoon, enclosed please find the Summons and Complaint in the above-named matter. As Defendants were served on January 10, 2008, they are in default. Please have your lawyers contact us as soon as possible to discuss the matter.

Thank you for your prompt attention.

Sincerely,

Amy Scheiner  
Admission Pending  
For the Law Firm of  
Louis Ginsberg, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
JOSEPH DI GIOVANNA,

                Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER, and
CONTINUUM HEALTH PARTNERS, INC.,
                Defendants.
-----------------------------------------------------------X

Index No.: 07116457-07
Date Filed: 12/11/07

SUMMONS

To:   Beth Israel Medical Center
       555 West 57th Street, 18th Floor
       New York, NY 10019

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

       Plaintiff designates New York County as the place of trial.

       The basis for venue is Defendant's place of business.

Dated: December 10, 2007
       Roslyn, New York

                                  THE LAW FIRM OF LOUIS GINSBERG, P.C.
                                  Attorneys for Plaintiff
                                  1613 Northern Boulevard
                                  Roslyn, NY 11576
                                  (516) 625-0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
JOSEPH DI GIOVANNA,

                Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER and
CONTINUUM HEALTH PARTNERS, INC.,

                Defendants.
----------------------------------------X

Index No.:
Date Filed:

COMPLAINT
JURY TRIAL
DEMANDED

    Plaintiff, Joseph Di Giovanna, by his counsel, The Law Firm of Louis Ginsberg, P.C., alleges for his complaint as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§2601 et. seq.

### PARTIES

2. Plaintiff, Joseph Di Giovanna, resides at 66-45 73rd Place, Middle Village, NY 11379. Plaintiff is an "eligible employee" under 29 U.S.C. §2611(2)(A) in that he was employed by Defendants for at least twelve (12) months and for at least 1,250 hours during the twelve (12) month period prior to his leave.

3. Defendants, Beth Israel Medical Center, and Continuum Health Partners, Inc., jointly employed Plaintiff. They are employers under 29 U.S.C. § 2611(4)(A) in that each is engaged in an industry affecting commerce and, upon information and belief, each has had fifty (50) or more employees for each working day in each of twenty (20) or

more calendar weeks in the current or preceding calendar year. Defendants maintain several offices in New York City, including one at 170 East End Avenue at 87th Street, New York, NY 10128

## FACTS

4. Plaintiff began his employment with Defendants on or about July 5, 2005. At all times herein, Plaintiff performed his job as the Director of Revenue Cycle Operations for Patient Accounts competently. In fact, Plaintiff received a pay raise in 2006 because of his good job performance.

5. On or about April 20, 2007, Plaintiff's supervisor, Allise Williams, wrote a recommendation letter for Plaintiff. In the letter, which was sent to Professor Edward J. Spiegel of St. Joseph's College, Ms. Williams explained that Plaintiff had reported to her directly for the past one (1) year and eight (8) months and that Plaintiff had excellent leadership skills, excellent supervisory and management skills and had a solid knowledge base in his field. Ms. Williams stated:

> "Joseph has excellent leadership skills which allow him to solve problems and maintain departmental performance. During his time with us, Joseph has continually displayed excellent supervisory and management skills, led and presented at meeting and presentations. Joseph has a solid knowledge base in Revenue Cycle Operations, Continuous Quality Improvement, and as a departmental Director provides leadership in our recruitment efforts, and frequently leads various projects related to our organizational objectives and a Director affectively."

6. During 2007, Plaintiff spoke twice with Kathy Dakis, a Vice-President, about his father's serious illness and about Plaintiff's intention of filing for FMLA leave time. Plaintiff's father had been diagnosed with cancer and Plaintiff needed to assist his

father with doctors appointments, medication, and other care related to his father's illness. On both occasions, Ms. Dakis tried to convince Plaintiff not to file an FMLA request for leave time.

7. Subsequently, in or about early May, 2007, Plaintiff spoke with Ms. Williams about his father's illness and the fact that Plaintiff was going to file an FMLA request for time off. Ms. Williams also tried to discourage Plaintiff from filing his FMLA request.

8. On or about May 17, 2007, Plaintiff requested FMLA leave.

9. Plaintiff's father's condition qualified as a "serious medical condition" under 29 U.S.C. §2611(11)(B) and 29 C.F.R. §825.114(a)(3) in that it was an injury involving continuing treatment by a health care provider for a chronic or long-term health condition that was incurable or so serious that if not treated would likely result in a period of incapacity of more than three calendar days. In addition, Plaintiff was entitled to take intermittent time off under 29 U.S.C. § 2612 (b)(1) in order to help care for his father's serious medical condition.

10. On or about June 13, 2007, Plaintiff received a letter from Liberty Mutual Leave Services Team (his insurer through work) informing Plaintiff that his request for intermittent leave under the FMLA had been approved from May 14, 2007 to May 12, 2008.

11. Shortly thereafter, on or about July 2, 2007, Ms. Williams conducted an annual Performance Evaluation of Plaintiff's work. Although Ms. Williams indicated that Plaintiff met expectations in many categories, she also indicated that Plaintiff needed to make an "immediate improvement."

12. Much of Ms. Williams' Performance Appraisal of Plaintiff was in contradiction with the Letter of Recommendation she had written on his behalf less than two (2) months before, prior to Plaintiff's filing for FMLA time off. The only change that Plaintiff had made in that time was that he had filed for leave under the FMLA.

13. Subsequently, a co-worker of Plaintiff's, Karen Ferrel, had approached Plaintiff and had asked his advice regarding her own request for FMLA time off. Apparently, Ms. Williams had also given Ms. Ferrel a hard time with her FMLA request.

14. Similarly, Ms. Williams had tried to discourage Plaintiff from approving FMLA requests from employees who reported to him in his role as Department Head.

15. In or about September, 2007, Plaintiff's supervisor asked him to work additional hours. During this time period, Plaintiff had to take a few days off because of his father's serious illness.

16. Shortly thereafter, on or about October 29, 2007, Plaintiff's employment was terminated.

17. Plaintiff was unlawfully fired because he exercised his rights under the FMLA.

18. The conduct of Defendants and their agents violated Plaintiff's rights under the FMLA.

### AS AND FOR PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF ACTION AGAINST DEFENDANTS PURSUANT TO THE FAMILY AND MEDICAL LEAVE ACT

19. Plaintiff incorporates paragraphs 1-18 as if fully rewritten herein.

20. By and through their course of conduct, Defendants and their agents willfully violated 29 U.S.C. §§ 2612, 2614, and 2615 *et seq.* by denying Plaintiff leave, by interfering with, restraining and/or denying the Plaintiff's exercise and attempted exercise of his FMLA rights and by terminating Plaintiff's employment because he exercised his FMLA rights, and opposed the interference with his rights and the rights of others.

21. Other than this lawsuit, there is no other complaint pending with any administrative agency or court regarding these events.

WHEREFORE, the Plaintiff prays that this Court:

(a) accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the causes of action; and,

(c) awards the following damages jointly and severally against both the Defendants:

  i. Back pay, front pay, and all benefits along with pre and post judgment interest in the amount of one million dollars ($1,000,000.00);

  ii. Liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments in the amount of one million dollars ($1,000,000.00),

    iii.    Attorney's fees, costs and expenses as provided for by the applicable statutes; and,

    iv.    Any other relief which this Court deems just and equitable.

Dated: December 10, 2007
Roslyn, New York

Respectfully submitted,

THE LAW FIRM OF
LOUIS GINSBERG, P.C.

By: _____
Louis Ginsberg (LG 1048)
1613 Northern Boulevard
Roslyn, New York 11576
(516) 625-0105
Attorneys for Plaintiff

EDWARDS ANGELL PALMER & DODGE LLP
Rory J. McEvoy (RM-1327)
Shari A. Alexander (SA-0615)
Attorneys for Defendants
Beth Israel Medical Center
and Continuum Health Partners, Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
JOSEPH DI GIOVANNA,                   :

        Plaintiff,                  :  08 Civ. 02750 (LAK)

  -against-                          :  **AFFIDAVIT OF SERVICE**

BETH ISRAEL MEDICAL CENTER, and      :
CONTINUUM HEALTH PARTNERS, INC.,

        Defendant.                  :
------------------------------------- X

    Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 18th day of April 2008, she served a true copy of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND, with accompanying declarations and exhibits annexed thereto upon:

        Louis Ginsberg, Esq.
        The Law Firm of Louis Ginsberg, P.C.
        Attorneys for Plaintiff
        1613 Northern Boulevard
        Roslyn, New York 11576

by depositing a true copy of said document enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, within the State of New York.

                                                  Jean W. McLoughlin

Sworn to before me this
18th day of April 2008

_____
Notary Public

SHARI A. ALEXANDER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6144342
Qualified in New York County